BAILEY and others *against* FAIRPLAY Lessee of WATSON.

*Lancaster,*
*Saturday,*
May 28.

IN ERROR.

In an action for mesne profits, the record of the judgment in ejectment is conclusive evidence that the defendant was in possession at the time the ejectment was brought, and also as to title during the whole time laid in the demise; but it is not evidence of the length of time that the defendant was in possession.

An omission to strike out the name of the casual ejector, and to insert that of the real defendant, may be amended after judgment; and if the real defendant enters into the common rule, proceeds to trial, and appeals, the judgment is as conclusive against him, as if the issue had been corrected.

THIS was an action in the Common Pleas of *Lancaster*, for the mesne profits of certain lands recovered by *Watson* in an ejectment against *John Foulplay*, with notice to *F. Bailey*, *John Mercer*, *John Messencope*, and *Joseph Le Fevre.* *Messencope* died, and this action was against the other three.

In the Court below the only evidence of the defendants' possession, was the record of the recovery in the ejectment. By that it appeared that the declaration was served on all the defendants, that *Montgomery* and *C. Smith* appeared generally, pleaded *non cul*, and entered into the common rule; and that the cause went to trial without filing a new declaration, or striking out the name of the casual ejector from the original one. After the trial in the Circuit Court, and a refusal by the Chief Justice to grant a new trial, the defendants appealed to the Supreme Court, and judgment was there entered against all.\* Upon this evidence, and proof of the annual value of the land, the jury, although there was evidence that *Le Fevre* one of the defendants had never been in possession, gave a verdict for the value from the

\* *Vid.* 1 *Binney* 470.

time of the demise laid in the declaration, to the time of possession received by the plaintiff after the recovery in the ejectment, the president of the court below having charged on this part of the case as follows:

" As to *Joseph Le Fevre* there is no proof of his ever hav-" ing been in possession of the land, or receiving any of the " profits therefrom, except that which is founded upon the " proceedings in the ejectment.

" In ejectment, in order to entitle a plaintiff to obtain a " verdict, it is absolutely necessary that he should prove, " that the party from whom he claims the land, was in pos-" session of it at the time the suit was commenced.

" A judgment in ejectment, therefore, is conclusive evi-" dence, that the person against whom the recovery was had, " was in possession at the time of the service of the decla-" ration.

" If then *Joseph Le Fevre* were a party defendant in the " ejectment brought by the present plaintiff, there would be " no difficulty in the proof of his having been in possession " of the property at the time the ejectment was commenced.

" The suit was instituted by the lessee of the plaintiffs " against *Richard Foulplay*, with notice to *John Mercer*, " *Francis Bailey*, *John Messencope* and *Joseph Le Fevre*. " Mr. *Montgomery* and Mr. *Smith* appear, take defence, " and enter into the common rule, and plead not guilty, but " it does not appear that the name of the casual ejector was " struck out of the declaration, and the names of *Mercer*, " *Messencope*, *Bailey* and *Le Fevre* substituted. Notwith-" standing this omission, I think it is manifest, from all the " proceedings, that the verdict was not against the casual " ejector, but against the persons for whom Mr. *Smith* and " Mr. *Montgomery* appeared, and those were the defendants " in the present suit. The question of title was discussed, " and the cause was tried on its merits. The principle just " laid down, therefore applies in my opinion to this case."

To this charge the defendants tendered a bill of exceptions.

*C. Smith* and *Montgomery* for the plaintiffs in error.

The tenant in ejectment is estopped, in an action for the mesne profits, from controverting the plaintiff's title; but the judgment proves nothing as to the length of time the defend-

ant was in possession, and therefore in all cases the length of his possession must be made out by other proof. This was the unanimous resolution of the judges in *Aslin* v. *Parkin* (a); and it is clear that both the judge in his charge, and the jury in their verdict, proceeded upon a different principle. The judge it is true, only says that the record is conclusive that the defendant was in possession at the time of the service of the declaration; but as there was no evidence of possession but the record, and the question essentially involved the duration of the possession, the judge misled the jury by not qualifying his opinion so as to make it applicable to the question. He gave them at best but a part of the law, and that part calculated to mislead. The jury were misled by it; for without any evidence but the record, they gave the whole value from the date of the demise. The judge, acting up to his own principle, should have directed the jury, that as there was no evidence of the continuance of possession, they ought to find nominal damages only.

But the record was not evidence at all. The issue tried was between the lessee and the casual ejector, and the judgment followed the issue. Of course it was between other parties. As to the appearance and defence, there were none for *Le Fevre*, and by the evidence in this cause, he never had been in possession for a moment.

*Bowie* and *Hopkins* for the defendant in error.

The law as delivered by the judge was strictly right, and he was not called upon to be more particular. But if he had been, he ought to have said, that the judgment was conclusive evidence of possession held by the defendant, from the time of the demise in the declaration. In *Goodtitle* v. *Tombs* (b), *Gould* J. says it must be taken for granted after a judgment in ejectment, that the defendant kept the plaintiff out from the time of the demise. Proof of the judgment in ejectment, and the writ of possession executed, was in his opinion sufficient to warrant a verdict for the mesne profits. The judgment, says *Blackstone*, is conclusive evidence against the defendant for all profits which have accrued since the date of the demise. 3 *Bl. Comm.* 205. The plaintiff was bound to prove him in possession from that

(a) 2 *Burr.* 668.                    (b) 3 *Wils.* 121.

time. 2 *Cromp. Prac.* 206. The case of *Aslin* v. *Parkin* is not inconsistent with this doctrine, because it may be understood of a possession previous to the demise. It is sufficient for us, however, if there is a mere presumption of possession from the commencement of the suit; and certainly it ought to be taken for granted, that the man who entered tortiously, retained the possession from the commencement, till the delivery of possession to the plaintiff. The Court will intend every thing possible against him. As to the manner in which the possession was held among the defendants themselves, the plaintiff has nothing to do with it.

That the record was evidence against all the defendants, is clear, because the appearance was general, *M'Cullough* v. *Guetner* (a), and because there was an appeal by all, whereas the casual ejector is not competent to take that step. *Cooper* v. *Dale* (b), *Orion* v. *Mee* (c), *Roe* v. *Doe* (d). The declaration might have been amended upon motion, and may now be considered as amended. 3 *Bl. Com.* 407. The Court will overlook the exception. *Rex* v. *Landaff* (e).

*Reply.* *Goodtitle* v. *Tombs* was the case of an actual ouster by one tenant in common of another, and the only question was whether an action of trespass for the mesne profits would lie in such a case. As to *Blackstone*, he is evidently speaking of the *title* being conclusively proved from the date of the demise, not the *possession.*

TILGHMAN C. J. The exception to the charge of the president is that the jury were misled by it, because they were not told, that the record was not evidence of the length of time for which the defendants were in possession, which ought to have been proved by other evidence. It has also been contended, that the record was not evidence against the defendants *at all*, because the issue appears to have been joined between the plaintiffs, and *John Foulplay* the casual ejector.

I think there is nothing in the last objection, because it appears that notice of the ejectment was served on all the defendants, that they all appeared and entered into the common rule, that they all appealed from the Circuit Court to the

---

(a) 1 *Binn.* 214.   (c) *Barnes' Notes* 188.   (e) 2 *Stra.* 1011.
(b) 1 *Stra.* 532.   (d) *Id.* 181.

Supreme Court, and that in the Supreme Court, judgment was entered against all. The omission therefore of striking the name of the casual ejector out of the declaration, and inserting the names of the defendants in the place of it, is not to be regarded. An amendment would have been granted on application to the Court at any time; and viewing the whole record, this Court perceives that judgment was finally entered against the defendants, which is conclusive against them, and would be conclusive even if a writ of error were now depending before us, because we should consider it in the same light as if the error had been amended.

As to the possession, the record of the recovery in the ejectment certainly is conclusive evidence of the defendants' being in possession at *the time the ejectment was brought*, because unless that had been proved, the plaintiff could not have recovered. In order to recover in ejectment, the plaintiff must prove, first that he had title at the time of the demise laid in his declaration, and secondly that the defendant was in possession at the time the suit was brought; and on proving these two things he is entitled to a verdict. As it is not material to the present question, I will not say positively, whether the plaintiff might not recover on proving that the defendant had been in possession *some time before* the commencement of the ejectment, and within the time laid in the demise, although not *at the time* of the action being commenced. But is he bound to prove that the defendant was in possession from the time of the demise? It is contended on the part of the plaintiff that he is. But I cannot understand on what principle this position can be supported. The plaintiff may lay the ouster committed by the defendant at any time he pleases, provided it is after the demise; but he is put to no proof of it. The tenant is obliged to enter a rule whereby he agrees to confess the ouster, before he is permitted to become defendant in the action. But as to the *possession*, it is enough if the plaintiff proves the defendant to have had it at the time the suit was commenced. So that no inference can be drawn from the recovery in the ejectment as to the length of time for which the defendant has been in possession. Thus the law would seem to be on principle, and we shall find that the authorities are in conformity to it.

In *Aslin* v. *Parkin*, 2 *Burr.* 668, Lord *Mansfield* says in

express terms, that " as to the length of time the defendant
" has occupied, the judgment proves nothing." And in
2 *Peake's Evid.* 326, it is laid down as settled law, that in
an action for mesne profits after a recovery in ejectment, the
plaintiff must prove the length of time the defendant has
been in possession. To this the counsel for the plaintiff op-
pose what is said by *Gould* Justice, in *Goodtitle* v. *Tombs*
3 *Wils.* 121. The words are these. " It must be taken for
" granted in this case, that there was an actual ouster, and
" that the defendant kept him out from the time of the
" demise until the judgment in the ejectment." But on ex-
amining this case, it will be found that the expressions relied
on have no bearing on the point, because there was no question
as to the length of time the defendant was in possession. It
was an action for recovery of mesne profits after judgment
by default in an ejectment against *Tombs*, who was *tenant
in common with the lessor of the plaintiff;* and the only ques-
tion submitted to the court was, " whether one tenant in
" common could maintain this action against the other, to
" recover damages for the expulsion and mesne profits."
This is the point then to which the general expressions of
*Gould* are to be applied. As to the length of the defendant's
possession there was no dispute, it must have been either
proved or agreed on at the trial. All that the Court had to
decide was, whether one tenant in common could recover in
this action *at all*, taking for granted that the defendant had
been in possession and received the profits. The same remark
will be an explanation of the passages cited from *Buller's
Nisi Prius* and 3 *Black Comm.* 205, " that the judgment is
" conclusive evidence to recover mesne profits *from the time
" of the demise.*" The meaning is, that it is conclusive as to
*title*, for the *whole time laid in the demise*. But if the plain-
tiff would recover the profits *beyond the time of the demise*,
the defendant may put him to prove his title, because the
record only shows that he recovered the term mentioned in
the declaration.

But it is objected, that be the law as it may on this point,
the charge of the judge was not erroneous, because it was
silent. This is very true, and it is also true, that in what the
judge did say he was correct. But still the charge upon the
whole was incorrect; because by stating only *part of the law*,

1814.

BAILEY
et al.
*v.*
FAIRPLAY.

1814.

BAILEY
et al.
*v.*
FAIRPLAY.

the jury were suffered to fall into an error, by which the defendants were injured. The jury are to receive instructions from the Court. If this instruction is given in such a manner as to mislead them, there is an error which ought to be corrected. The record contains the evidence and the charge to which the defendant's counsel excepted, and prayed that the charge might be reduced to writing, and filed according to the act in such case provided. As the *whole charge* is on the record, we must now take it, that the whole is open to exception, although if the judge had thought proper, he might have called on the counsel to point out the part to which he objected, and reduced *that part* only to writing. On the whole it appears to me that there is error. I am therefore of opinion that the judgment should be reversed, and a *venire de novo* be awarded.

YEATES J. and BRACKENRIDGE J. were of the same opinion.

Judgment reversed.