Jackson, J.,
delivered the opinion of the Court.
Two questions have been raised on the point reserved by the judge on the trial. 1st. Whether the former judgment was an estoppel to the demandant; and, 2dly, If so, whether the tenant could avail himself of it, without pleading it. We are of opinion with the tenant on both questions.
As to the first point, it is clear that the judgment estopped Ingersoll, the mortgagor. Barnes had brought his action to recover the land now in controversy, claiming it by virtue of the mortgage Ingersoll made a defence, which, if proved, would have avoided the mortgage. But the defence was not maintained, and Barnes’s title was established by that judgment; and Ingersoll was thereby concluded from disputing that title again upon the same ground. We think it equally clear that the judgment estops the demandant. It is such an estoppel as runs with the land, and extends to all who are privies in estate to either of the parties to that judgment. A judgment, which affects directly the estate and interest [ * 368 ] in the land, and * binds the right of the parties, is at least as effectual as a release or confirmation, by one party to the other. Such an estoppel makes part of the title to the land, and extends to all who claim under either of the parties to it (4).
Estoppels are said to be odious; but when they constitute part of the assurance and title to the land, as in the present case, they are founded in the strongest equity and justice, and are entitled to *297 the most favorable consideration. By the former judgment, Ingersoll had lost his title to this land, so far as it was affected by the mortgage; and Barnes had acquired a right, which was indefeasible as between him and Ingersoll, to hold possession of the land, until his debt was paid. It would then be highly inequitable, if Ingersoll could convey to a stranger the right to bring Barnes’s title again into doubt and controversy. Ingersoll, also, after that judgment, had no estate left in him, excepting the right of redemption ; and his grantee could not, in justice or equity, claim any greater or better estate.
The estoppel, in the present case, is also founded on those prin ciples of law, which are intended to repress litigation, and to prevent a multiplicity of suits. If the demandant could now contest Barnes’s title under that mortgage, it must be that Ingersoll had assigned to him a mere right of action; which is prohibited by law. Again, if the demandant could purchase that right of action, he might also sell it; and, therefore, if he should try this action on its merits, and fail to recover, he might, on the same principle, assign the right to another, who should bring a new action; and that assignee, in the like event, might assign it to a third; and there would be no end to the litigation, so long as an individual could be found, who would be willing to risk the costs of a suit, for the chance of recovering the land.
As to the second question, it is settled that an estoppel like the present, which affects the title and estate, shall in general have the same effect when offered in evidence, as when specially pleaded. The exception is, when the point * in question [ * 369 ] is presented by the pleadings, and is alleged or denied as the case may be, and the other party, instead of pleading the estoppel, puts the question of fact to the jury. The case before cited of Trevivan vs. Lawrence presents an example of the general rule, and of the exception; and the doctrine was recognized by this Court in the case of Howard vs. Mitchell (5), and in that of the Commonwealth vs. Pejepscut Proprietors (6). The case at bar is clearly not within the exception. The declaration contains no inti motion of the origin of the demandant’s title; and it would have been irregular, if it had. The demandant counts on his own seisin in fee, and alleges a disseisin by the tenant. The latter could not know, from such a declaration, that the demandant’s title was derived from Ingersoll. He was not bound, nor would it even be safe for him to rely merely on the estoppel to Ingersoll and his assigns Under such a declaration and the general issue, the demandant was *298 at liberty to show a right of possession in himself by any title, ana any evidence in his power; and the tenant might, in like manner, rebut the demandant’s evidence, and show a right of entry or of possession in himself. If an estoppel, by judgment or otherwise, made part of the tenant’s title, it was no more necessary.for him to plead it, than it would have been to set forth in a special plea all his title deeds, and every other part of his evidence.
A case might have arisen out of this transaction, which would have required the estoppel to be specially pleaded. Suppose that in that former suit the mortgage had been proved to be usurious, and Ingersoll had accordingly recovered judgment; this would have been an estoppel to Barnes, and all persons claiming under him. If, then, he had assigned the mortgage to a stranger, and the assignee had brought a new suit on it, the assignee ought regularly to set forth in his declaration the mortgage to Barnes, and the assign ment of it to himself. In such a case Ingersoll would [ * 370 ] know that the plaintiff had no title, but as assignee *of Barnes. He might, therefore, plead the usury, with a verification as at common law; and if it was denied by the plaintiff, Ingersoll might rejoin the former judgment by way of estoppel. If, instead of such a rejoinder, he should take issue on the replication, or if he should plead the usury in the manner provided by the statute, offering to prove it by his own oath, he would in either case waive, and lose the advantage of, the estoppel (7).
The rules of pleading, and of evidence, that we have been considering, do not prevent the tenant, in any real action, from setting forth his title in a plea in bar, giving color, when he shall find it useful. In the case at bar, he might, perhaps, have set forth, in such a plea, the former seisin of Ingersoll, the mortgage to himself, and the assignment by Ingersoll to Adams; and if the demandant had replied that the mortgage was usurious, Barnes might have rejoined the former judgment by way of estoppel. But the only reason of giving color is, that the plea would otherwise amount to the general issue; and of course all the material facts in such a plea might be given in evidence under the general issue. A defendant is, therefore, never required to plead in that manner, and shall not lose any material advantage by omitting to do it.
The verdict is set aside, and

A new trial ordered.

 1 Salk. 276, Trevivan vs. Lawrence.—3 Salk. 151, S. C. Co. Lit. 227.—4 Co. Rep. 53.

 14 Mass. Rep. 241.

 10 Mass. Rep. 155.

 [Vooght vs. Winch, 2 B. & A. 662.—Stafford vs. dark, 9 Moore, 724.—2 Bingh 377.—1 Car. & P. 24—403.—Ed.]