No. 25.—CLAIBORN SIMS, plaintiff in error, *vs.* WILLIAM SMITH, defendant in error.

[1.] An action had been brought for the trial of title to land under the form prescribed by the Act of 1847. Two verdicts were rendered thereon for the defendant. Subsequently, the same plaintiff brought his action against same defendant for the same premises, according to the Common Law forms prescribed for actions of ejectment: *Held*, that the Common Law rule which held the action of ejectment to be a trial of the right of possession of the fictitious plaintiff, is applicable only where the Common Law forms have been adopted and followed; that the Act of 1847 repeals the Common Law fiction as to all cases where it is followed; and when a verdict is rendered under it, the Common Law fiction must give way, and can no longer apply, if another case be brought by the plaintiff against the defendant in the Common Law form of ejectment, if it can be shown that the latter case is, in truth and in fact, an action for the trial of the same title.

Ejectment, in Walton Superior Court. Tried before Judge JACKSON, August Term, 1855.

The questions in this case came up upon an agreed case made. The following were the facts: An action had been brought under the form prescribed by the Act of 1847, in the name of the same plaintiff and against the same defendants as in the case now pending. On that case two verdicts were rendered for the defendants. The land was the same, and no new title or right of possession was shown since the verdict in the former action. The present case was brought under the old fictitious form in ejectment. The former recovery was pleaded in bar. The Court below held this to be no bar, and to this decision defendant below excepted.

T. R. R. COBB, for plaintiff in error.

COBB & HULL, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The rule of practice, as derived from the English

Courts was, that a recovery in ejectment did not bar a subsequent action. This rule was founded, I suppose, upon the nature and character of the action; which was a fictitious process brought to recover the possession of John Doe, a fictitious person.

By that fiction, if a verdict was rendered for the defendant, nothing more was decided than that John Doe was not entitled to the possession of the premises in question; perhaps the true effect of the verdict was only that he was not *then* entitled to possession. And when the action was again instituted, it could be brought in the name of John Dew or of any other fictitious person, upon the same demise or demises, and another person was supposed to try his action for possession of the premises. Or if the second action was in the name of John Doe, it was assumed to be another John Doe who sued; and thus, by virtue of the fiction, another trial was allowed, which would, in truth, perhaps, be an issue formed upon the same subject matter.

All this ingenuity and contrivance had their origin, no doubt, in the high estimate which was placed upon real estate in England, and its immense importance as an element in the feudal policy.

But whatever may have been the reason for the rule, such it was—such we received it; and we have made it a part of our law.

We are all ready to admit, however, I suppose, that there is no necessity for the rule with us, that there is no reason in our State why a suitor, claiming real estate in a Court of Justice, should have this advantage over one who was suing for personal property; that substantial and practical reasons cannot now be assigned for it. Still, if called upon to enforce it in such a case, and under such circumstances as would demand its enforcement at the Common Law, we should feel constrained to adopt it. But when a different case is presented, arising, in part, out of our own legislation, we are at liberty to adopt a more reasonable and practical rule.

That case is presented here. The first action, brought ac-

cording to the provisions of our Statute of 1847, was a real and substantial claim of title, and it was determined against the plaintiff.

Now we regard the Act of 1847 as intended to try title, not possession. The plaintiff, confessedly, cannot directly bring another action against the defendant, under and by virtue of the provisions of that Statute, for the purpose of trying title to the same premises. Shall he be allowed to do so circuitously, by adopting the Common Law fiction?

This unreasonable result is avoided, by holding that the Common Law rule, which we have been considering, can properly be held applicable to the case of ejectment, only where the Common Law forms have been adopted and followed by the plaintiff—that the Act of 1847 repeals the Common Law fiction, as to all cases where it is followed; and when a verdict is rendered under it, the Common Law fiction must give way, and can no longer apply, if another case be brought by the plaintiff against the defendant, in the form of the Common Law ejectment, if it can be shown that the latter case is, in truth and in fact, an action for the trial of the same title.

Our brother Benning expresses himself not entirely satisfied with this conclusion, but adopts it in deference to the judgment of the other two members of the Court.

Let the judgment be reversed.