JOHN DOE *ex dem.* of WILLIAM P. DEARMOND, *et al.*, *vs.* RICHARD ROE, casual ejector, etc., ISAAC BROOKING, tenant.

1. The plaintiff, in an action of ejectment, is not entitled to recover when one of the lessors has conveyed, by deed, his whole legal and equitable right to another lessor whose right to recover has been barred by a former recovery in the statutory form of action against the same defendant for same lot of land, and the demises from these two being all the title exhibited by the plaintiff.

Ejectment, in Quitman Superior Court. Tried before Judge PERKINS, and New Trial granted, at May Term, 1860.

The plaintiffs in error brought this action to recover lot of land No. 79, in the 8th district of originally Lee, now Quitman county.

On the trial, plaintiff read in evidence the plat and grant to Boswell Cook, of Treadwell district, Richmond county. Also, a deed from Boswell Cook to W. P. Dearmond, made in Green county, and dated September 26th, 1829.

John N. Green testified, for plaintiff, that in 1851 and 1852 defendant disclaimed the title, and said he would give the land when the true owner came, but would not give it up

to Neel, (one of the plaintiffs,) because Neel had a forged deed to it.

Nathan Gilbert testified to the same facts, and the plaintiffs here rested their case.

Defendant then read the evidence of James A. Green, ·Surveyor-General of the State of Georgia, who testified, that the original book returned to his office by the commissioners of the land lottery of 1827, shows that the lot in dispute was drawn by Roswell Cook, of Treadwell district, Richmond county; that the plat is recorded to Boswell Cook, of said district and county. The first letter of Cook's christian name has evidently been erased on the original book, so as to make it Roswell, instead of Boswell; does not know whether the change was made by the commissioners, at the time of recording the name, or subsequently, by some other person.

Isaac Newell testified, that he knew a man named Roswell Cook who lived in the city of Augusta, Richmond county, from about the year 1822 till about the year 1830; knew said Cook in Connecticut in 1818, from which State he moved to Augusta; witness was very well acquainted in Augusta and vicinity, and knew no such man as Boswell Cook.

Jesse S. Finney, of Southington, Connecticut, testified, that Roswell Cook died in that place in 1855, and that he was one of the appraisers of the estate of deceased; he found among Cook's papers a paper purporting to have been executed by the Governor of Georgia, under the seal of that State, dated November 5th, 1831, conveying to Boswell Cook a tract of land situated in the 8th district of Lee county, Georgia, and being No. 79; the survey being dated January 22d, 1827; this paper was handed over to the administrator of Roswell Cook.

John W. Quill testified, that he knew Roswell Cook in Southington, Connecticut, in 1818; said Cook shortly thereafter removed to Augusta, Georgia; witness found him in Augusta in 1823, and they both resided there till 1828, when witness went to Milledgeville; went back to Connecticut in 1831, and found Mr. Cook there, where he continued to live till his death; witness had heard Cook say, whilst they were together in Augusta, that he had drawn a lot of land in the land lottery of Georgia, the land drawn being in Lee county; never knew any such person as Boswell Cook.

William V. Kerr testified, that he has resided in Richmond county nearly forty years; has never known such a man as Boswell Cook, but has a faint recollection of knowing a man named Roswell Cook; Treadwell district is now the 1st or 2d ward of Augusta.

John Mann testified, that, having been Clerk of the Superior and Inferior Courts of Richmond county, he was well acquainted with the people of that county; he knew a man in Augusta in former years by the name of R. Cook, and has a strong impression that the R. stood for Roswell; said Cook was from the North, and witness thinks returned North before his death.

The defendant next read a certificate from Benj. T. Hall, Clerk of the Inferior Court of Richmond county, stating that the tax digests of said county from the years 1820 to 1827, inclusive, had no such name on them as Boswell Cook, but the names of R. Cook and R. Cook and Co. did appear on said tax digests.

Plaintiff introduced in rebuttal a certificate from A. J. Boggus, Surveyor-General of the State of Georgia, dated December 9th, 1859, in which he states that the original books of drawing and other evidence in his office show that Boswell Cook, of Treadwell district, Richmond county, was the drawer of the lot in dispute; also, a certificate of same date from H. J. G. Williams, Secretary of the Executive Department, stating that the land books in that department show that Boswell Cook was the drawer of said lot; said Boggus also testified to the facts stated in his certificate, stating, however, that one book, known as the numerical book of the office, bears palpable evidence of the name having been altered from Boswell to Roswell.

Plaintiff also introduced several witnesses, who testified that defendant disclaimed title to said lot, and said he was holding it under the Statute of Limitations, but had not been in possession six years. One or two of the witnesses testified, that they attested a quit claim deed from one Trotter to defendant, and that said Trotter stated at the time he executed said deed that he had no title; also, that no consideration for the deed was paid by defendant.

The evidence having here closed, the jury found a verdict for the plaintiffs.

Doe, *ex dem.* Dearmond *vs.* Roe *et al.*

The defendant's counsel moved for a new trial on the ground that the verdict was against law and the evidence.

The Court granted a new trial, and counsel for plaintiffs excepted.

Hood & Beall, for plaintiff in error.

Douglass & Douglass, *contra.*

*By the Court.*—Lyon, J., delivering the opinion.

My recollection is, that this case was decided upon quite a different state of facts from those that appear in the Reporter's statement. In fact, I know that we ordered a judgment of affirmance upon the following understanding, in addition to the reported facts, although the record itself is correctly reported : That the defendant put in evidence an exemplification of a judgment previously had in that Court on a statutory form of action at the suit of John R. M. Neel against the defendant, in which there was a recovery by the defendant of the same lot of land in controversy in this suit, and then introduced and put in evidence a deed from the plaintiff, Dearmond, to said John R. M. Neel, dated previous to the recovery in the suit by Neel against Brooking. How these facts appeared to the Court, I have no recollection—whether by agreement of counsel or from the mistake of the Court alone in looking to the decision in the same case reported in 27*th Ga.*, 52. So understanding the facts, I give the opinion of the Court in accordance therewith, promising that, if we were mistaken, I cannot say what would have been the judgment of the Court in the facts, simply as reported. I certainly, on those facts alone, should not have consented that the verdict should be disturbed.

My recollection, further, is, that when this testimony of the defendant came in, the plaintiff amended his declaration by adding a new demise from John R. M. Neel. There was also a demise from Dearmond for the use of Neel.

On these facts, the plaintiff was not entitled to a verdict. Not on the demise from Dearmond, because the deed from him to Neel conveyed the legal title out of him. Nor on the demise from Neel, because the judgment recovered in the for-

mer suit barred his right to recover.    See *Sims vs. Smith,* 19 *Ga.,* 125.    Nor on the demise from Dearmond, for the use of Neel, because the deed to Neel conveyed the equitable, as well as the legal title to Neel.    So a new trial was properly allowed by the Court below.    Of course, if it be true as was suggested in the argument, that the verdict in the first case was rendered in consequence of Brooking's adverse holding of the premises at the making of the deed by Dearmond to Neel, and the ruling of the Court, that that fact would defeat the plaintiff's right of recovery, that, in my opinion, would make a very material difference; but that does not appear in the record.    I think, too, the plaintiff, in that case, would have trouble in getting along at law.

Judgment affirmed.