# Miller *versus* Henry.

1. In an action for mesne profits the judgment in ejectment is conclusive that the defendant was in possession on the day of· the service of the writ, but not as to the length of time he thereafter continued in possession ; and to relieve himself, therefore, of liability, he may show that he was not in possession after the service of the writ.

2. In an action for mesne profits after a judgment in ejectment the defendant testified that she was not in possession of the premises after the service of the writ, but remained there simply as the housekeeper or guest of her son, the other defendant.  *Held,* that the question of fact as to the possession of this defendant was properly submitted to the jury.

February 28th 1877.  Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Berks county :* Of January Term 1877, No. 170.

Trespass for mesne profits by Daniel ·Miller against Benneville M. Henry and Mary Henry.

On the 28th of April 1871, Miller brought an action of ejectment

3 NORRIS—3

against the defendants to recover possession of a property on North Sixth street in the city of Reading. A verdict was obtained on the 4th of December 1873, and possession given on the 1st of April 1874.

Miller then brought this action to recover the mesne profits or rental of the property from April 1st 1871 to April 1st 1874.

B. M. Henry died on the 4th of June 1875, and his death having been suggested on the record, the action proceeded against Mary Henry alone.

At the trial, before Hagenman, P. J., the court allowed the defendant, as a witness in her own behalf, to prove that the possession of the property in question was not in her, but in her son, with whom she had lived as a housekeeper, and that she did not defend in the ejectment suit. The plaintiff objected to this evidence, because it contradicted the record in the ejectment, but the court overruled the objection.

In their charge, the court, after some observations upon the case of Sopp *v.* Winpenny, 18 P. F. Smith 80, continued:—

"[It follows that if one who had no possession would be included in an ejectment with others, and there was service of the writ upon him, in an action for mesne profits he may show that he never was in or had possession. So, too, if a female servant or daughter of the defendant would be included in the writ, although they were living upon the premises, but in the family of the defendant, they may show the servitude and relationship to the defendant, and no principle of law would hold them liable for mesne profits. Likewise, where a son would invite his aged and widowed mother to make her home with him, and while she was thus in his family would be included in an ejectment with her son, no one would pretend to hold that she would be liable in an action of trespass for profits.]

"The plaintiff's present action is not one for costs incurred in the action of ejectment, but for damages for having had the possession withheld from him, and therefore those only who have been guilty of withholding that possession are liable. The action was originally against Benneville M. Henry and Mary Henry, and if Benneville M. Henry was still alive he could not make a defence, for he held possession until he was ousted under the habere. [But, while Benneville M. Henry could have made no defence, there is no principle of law that would preclude Mary Henry from making one, if she had sufficient grounds to defend. The fact that Benneville M. Henry died since the bringing of this action does not lessen or take away any rights which she previously had.]

"Joseph Henry, the husband of Mary and father of Benneville Henry, died in possession of this property, and at the time of his death, Benneville Henry, with his wife, was living in the same house. It is alleged by the defendant that Benneville Henry, at

[Miller v. Henry.]

his father's death, claimed the ownership of the property, as the son and heir-at-law, and assumed and exercised exclusive possession of it. She alleges further, that she made no claim to the possession of the property, but lived with her son Benneville all the time and in his family. [If the jury find that she was in possession alone, or jointly with her son Benneville, then the verdict must be for the plaintiff. But if the jury find that she made no claim or pretence to possession, that she was simply an inmate in the family of her son, the verdict must be for the defendant.]"

The verdict was for the defendant, and the plaintiff took this writ, assigning for error 1st and 2d (but irregularly, the assignments not containing the substance of the exceptions, as required by the rules of the Supreme Court), the admission of the evidence of Mrs. Henry, and 3d, the portions of the charge in brackets.

*A. G. Green*, for plaintiff in error.—The defendant was concluded by the judgment in the ejectment: Aslin v. Parkin, 1 Sm. Lead. Cas. 826 ; Man v. Drexel, 2 Barr 202 ; Blight's Executors v. Ewing, 2 Casey 137.

The liability for mesne profits extends to parties who were privy to the trespass : Storch *et al.* v. Carr, 4 Casey 135 ; Boyer v. Smith, 3 Watts 451. Here one of the defendants seeks to escape liability by the assertion that she was the housekeeper of the other defendant.

*Samuel L. Young* and *Cyrus G. Derr*, for defendant in error. —Defendant could not be precluded from showing that she was not in possession or had left it after the service of the writ: Sopp v. Winpenny, 18 P. F. Smith 80.

The fact that Mrs. Henry remained on the premises, in the family of her son, after the death of her husband, would not make the possession her possession.

Mr. Justice Sharswood delivered the opinion of the court, May 7th 1877.

The first two errors are not assigned according to rule, and may therefore be disregarded. The remaining assignments are to the charge, and really bring up for review all that is material in the cause.

It was settled in this state in Bailey v. Fairplay, 6 Binn. 450, that in an action for mesne profits the judgment in ejectment is not conclusive as to the length of time that the defendant was in possession. The reason assigned by Chief Justice Tilghman is clear and unanswerable. In the action of ejectment " as to the possession, it is enough if the plaintiff proves the defendant to have had it at the time the suit was commenced. So that no inference can be drawn from the recovery in the ejectment as to the length of time

[Miller *v.* Henry.]

for which the defendant has been in possession." To the same effect are Mitchell *v.* Freedley, 10 Barr 198, and Sopp *v.* Winpenny, 18 P. F. Smith 80. Says the present chief justice, in the case last cited·"neither on principle nor authority will the defendant be prevented from showing that he had left the possession or was not in it after service." There is nothing in any of these cases which countenances the idea that if the defendant was not actually in possession at the service of the writ or at any time afterwards, he cannot prove that fact in order to relieve himself from liability for mesne profits. It is true the judgment in ejectment is conclusive that on the day of the service of the writ he was in possession. If any question should arise in which that exact point was material, he would not be heard to contradict it. He could not be allowed to do so in order to controvert the effect of the judgment as to the title at that time. It is also true that wherever a state of things is shown to exist it will be presumed to continue. But that is a mere presumption which can be rebutted. If a man is concluded in law by a judgment that a certain fact existed on a particular day, he is not concluded from showing that it did not exist on the day after, even though such evidence might also tend to show that it did not exist the day before. If this were not so, a defendant not in possession in point of fact on the day of the service of the writ of ejectment, would be concluded for the whole time between the service and the execution of the writ of *habere facias possessionem.* It is very evident that it would be impossible for him to prove that he had openly abandoned a possession which he never had. It is enough then for him to show that from the day of the commencement of the ejectment, down to the execution of the habere, he was not in possession. This reasoning, of course, leaves untouched the case of one in actual possession when the writ was served, but who has afterwards clandestinely removed.

The question of fact as to the possession of the defendant in this case was fairly submitted to the jury. Whether the verdict was right or wrong upon the evidence is a matter with which we have no right to intermeddle. It surely is not susceptible of a doubt· that a hired laborer, a menial servant or a guest is not in possession. Whether Mary Henry, the defendant, fell within the category of a servant or guest, or was in the house under a claim to the possession was therefore properly submitted to the jury.

Judgment affirmed.