HANNIBAL HODGES v. DANIEL P. EDDY.*

*Ejectment.    Judgment.    Estoppel.*

Declaration in ejectment.  Plea, a former declaration in ejectment for certain land in which the demanded premises were included ; plea, general issue, and issue thereon; verdict for plaintiff for a certain part of said land,—which was therein described, and which was all of said land except said premises,—"on the ground of adverse possession"; and judgment thereon.  Replication that when that action was brought defendant was not in possession of said premises, but got into possession and ousted plaintiff long afterwards.  *Held*, that in the former action plaintiff was called on to prove right to all the land, and that he was estopped by the judgment therein from making claim to that part of the land possession and seisin of which he was not therein found entitled to recover.

THIS was ejectment for certain land in Clarendon from which the plaintiff was alleged to have been ejected on September 1, 1865.   The defendant pleaded the general issue, and gave notice of special matter, which the parties agreed should be treated as a special plea of the facts therein set forth.   The notice was to the effect that in March, 1863, the plaintiff brought ejectment against the defendant for a certain piece of land which included the land described in the declaration in this cause, to which the defendant pleaded the general issue, on which issue was joined ; that such proceedings were thereupon had that in September, 1866, the cause came on to be tried by a jury, who found for the plaintiff to recover the seisin and possession of that portion of the premises that lay within a distance of eighty rods of the west line thereof, with damages and costs, " on the ground of adverse possession", and judgment was rendered thereon for the plaintiff; that it was thereby adjudged that the defendant was entitled to the seisin and possession of the premises demanded in that cause, excepting only that portion thereof that lay within a distance of eighty rods from the west line of said premises, including the premises demanded in this cause ; and that that judgment was still in force.   The plaintiff joined issue on the plea of general issue, and as to the

* Heard at the January Term, 1878.

allegations of the notice replied that the ouster in the declaration alleged occurred long after the commencement of the action alleged in the notice, and that at the commencement of that action the defendant was not in possession of the premises herein demanded, so that the alleged verdict and judgment were not an adjudication of the plaintiff's title thereto, as alleged. The replication was traversed and issue joined. Trial by the court, September Term, 1877, Ross, J., presiding.

The defendant put in evidence the record of the alleged judgment, and rested. The plaintiff then offered to prove that the eviction in the declaration alleged occurred after the commencement of the former action, and that at the time of the commencement of that action the plaintiff was in possession of the premises herein demanded; but the defendant objected, and the evidence was, *pro forma*, excluded; to which the plaintiff excepted.

The court considered that the former judgment was a bar, and rendered judgment, *pro forma*, for the defendant; to which the plaintiff excepted.

*Joel C. Baker* and *Joyce & Lawrence*, for the plaintiff.

To recover in the former action the plaintiff must have shown the defendant in possession when action was brought. *Stevens* v. *Griffith*, 3 Vt. 448 ; *Skinner* v. *McDaniel*, 4 Vt. 418, and cases *passim*. The jury in the former action may not have found the defendant in possession.

A judgment is conclusive of such facts only as *must* have been found, to warrant it. *Church* v. *Chapin*, 35 Vt. 223, 231 ; *Sawyer* v. *Woodbury*, 7 Gray, 499.

To work an estoppel it should appear that the precise question was adjudicated. If from the record it should appear possible that it was not, there would be no estoppel, for an estoppel must be certain to every intent. *Aiken* v. *Peck*, 22 Vt. 255.

The defendant, to avail himself of the former judgment, must show that it was not rendered in his favor from want of proof of his having been in possession. *McDowell* v. *Langdon*, 3 Gray, 513 ; *Stevens* v. *Taft*, 8 Gray, 419.

The evidence excluded was material to the issue ; it did not

contradict the record ; and it was admissible. Where the record does not specifically show the questions adjudicated, it is proper to show them by evidence *aliunde*. *Gilbert* v. *Earl*, 47 Vt. 9 ; *Post* v. *Smilie*, 48 Vt. 185, 191, and cases *passim*.

*Prout & Walker* and *D. E. Nicholson*, for the defendant.

The question is as to the effect of the former recovery. The declaration on which that recovery was had included the premises here in controversy, so that the parcel included in that recovery was no more in issue than the parcel now in question. Both were within the scope of the pleadings, and involved in the issue, and all parties are concluded by the judgment. *Aurora City* v. *West*, 7. Wal. 82.

Another test is found in what was *claimed* in the former suit, and as to that there is no doubt. If a claim is wholly or partially disallowed for want of sufficient evidence or of any evidence, the judgment is conclusive of the right. *Stafford* v. *Clark*, 2 Bing. 377, 382 ; *Phillips* v. *Berick*, 16 Johns. 136 ; *Dunn* v. *Murray*, 9 B. & C. 780 ; *Miller* v. *Covert*, 1 Wend. 487.

In no case can the reason of the judgment be inquired into. If a party wishes to qualify the effect of the judgment, the record itself should be made to show either by an amendment of the pleadings, limiting the issue, or by special verdict, precisely what is in issue. The record cannot be contradicted ; and in no case is parol evidence admissible except to identify the subject of dispute or claim in issue. *Post* v. *Smilie*, 48 Vt. 185, 191.

The evidence offered by the plaintiff was therefore inadmissible. The plaintiff did not offer to show that this parcel of land was not in issue in the former suit, but only that he was in possession of it at the commencement of that suit, which was a contradiction of the record.

The opinion of the court was delivered by

POWERS, J. The defendant filed a plea in bar to the plaintiff's declaration in which he sets forth the proceedings of a former action of ejectment between these parties which he insists estop the plaintiff in this suit. The declaration in the former suit covers

Hodges *v.* Eddy.

the same lands demanded in this, and an additional strip which is described in the former verdict and judgment. In other words, the plaintiff now seeks to recover the seisin and possession of part of the same premises demanded in the former suit. The plaintiff says that in fact the defendant was not in possession at the commencement of the former suit of that part of the demanded premises now sought to be recovered, but that he got into possession and ousted the plaintiff long after his first suit was brought. In the former suit the jury found that the plaintiff was entitled to recover the possession of that portion of the premises then demanded which lie within a distance of eighty rods from the west line . thereof, and added that they so found on the ground that the plaintiff had gained title to that much of the premises by an adverse occupation. The scope and effect of this verdict and the judgment thereon is the contention of the parties at this time. In the former suit, as already stated, the declaration sets forth the plaintiff's *right* to the whole premises and the defendant's wrongful ouster of the plaintiff from the whole ; the plea of not guilty put the whole declaration in issue, and the plaintiff was called upon to make out his right of possession to the whole premises. The parties litigated the question to the whole, precisely as the issue was made, and the result was as stated. The case is not like the cases cited in argument, where distinct and several claims were embodied in one action, and a recovery was had for part only, as in actions of assumpsit or on book. In such cases, as has been often decided, the identity of the matters litigated may be shown by parol ; and a second action sustained for the matters not adjudicated. But in this case the declaration in the former case was a single claim to recover a specifically described piece of land, the title to which was alleged to be in the plaintiff. The plaintiff sought to establish his claim as thus made in his declaration. This was the issue made in the case. Under such circumstances, we think the verdict of the jury in favor of the plaintiff for part only of the premises which he essayed to show title to, was equivalent to a verdict for the defendant as to the residue. In Herman's Law of Estoppel, section 68, it is said that when the plaintiff in this action avers title and right of possession in him-

self, and the defendant denies these allegations, the judgment operates as an estoppel in any future litigation between the same parties. The recent case of *Cromwell* v. *The County of Sac*, cited by the defendant's counsel, and reported in the last December number of the Law Register, draws the distinction above alluded to in clear and concise terms. The court say : " In considering the operation of this judgment [speaking of a former judgment], it should be borne in mind that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the *same claim or demand*, and its effect as an estoppel in another action between the same parties upon a different claim or demand. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent suit. It is a finality as to the claim or demand in controversy, concluding parties and privies, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." It is needless to multiply authorities.

The declaration in the former suit described the same lands now sued for. In that case the plaintiff averred his title and right of possession thereof and that the defendant was in possession, so that the *thing* sued for was the same in that suit and this. The plaintiff cannot now be heard to re-try his case by changing his allegations, and thus make a new case out of an old one. The evidence offered at best only tended to show a state of facts that are consistent with the claim that the former adjudication was partial. The plain implications of this record cannot be rejected for such reasons. The record shown in the case contains every element necessary to raise the estoppel, and it would do violence to well-settled law to allow it to be contradicted in the manner proposed.

*Judgment affirmed.*