# Boyle *v.* Wallace.

*Statutory Action for the Recovery of Chattels in Specie.*

1. *Conclusiveness of judgment in ejectment.*—A single recovery in ejectment, or the statutory action in the nature of ejectment, is not a bar to another action between the parties, founded on the same title, and for the same land ; nor is it a bar to a subsequent action between them for personal property included in the same mortgage, or other conveyance, which was the title litigated in the former suit.

2. *Adverse possession, as between mortgagor and mortgagee.*—A mortgagor of personal property, when sued therefor by the mortgagee who bought from a purchaser at a sale under the power, cannot defeat a recovery by proof that, at the time of the sale and of the purchase by the mortgagee, he was in open and notorious possession of the property, holding in hostility to the mortgagee and such purchaser, of which fact both the latter had notice.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

Statutory action for the recovery of chattels in specie by the appellee, William K. Wallace, against the appellant, James B. Boyle. The defendant pleaded "not guilty," and also a special plea of "*r s judicata*," the nature of which is stated in the opinion. The plaintiff demurred to this plea, on the ground, that the subject matter of the two suits was different, and, also, on the ground set forth in the opinion. The defendant had executed a mortgage to the plaintiff on the property in suit, and also on certain lands.

It was proven, that the plaintiff had on April 14, 1883, sold the property in suit under his mortgage (the law day of which was January 22, 1883,) and at the sale one Fred Plaff became the purchaser and paid the purchase money, and the plaintiff, pursuant to the power contained in said mortgage, executed and delivered to Plaff a conveyance of

[Boyle v. Wallace.]

said property, and subsequently, May 11, 1883, the plaintiff re-purchased said property from Plaff and obtained from him a re-conveyance thereof, and on the title thus obtained, this suit was brought.

The defendant proved, that, at the time of the sale under the mortgage and the resale to the plaintiff and at the institution of this suit, he was in open, notorious and exclusive possession of the property, holding in hostility to the title of both Plaff and the plaintiff, of which they had notice. The defendant insisted, that, in consequence of his adverse possession of the property at the time of the conveyance from Plaff to the plaintiff, said conveyance was void; but the court charged the jury, in substance, that said conveyance was not void, that the possession by the defendant of said property was not and could not be adverse to the plaintiff, but must be held to be in subordination to the title of the mortgagee and of others claiming under him. To this charge the defendant excepted. The defendant asked the court to give the affirmative charge in his favor, which the court refused and the defendant excepted.

The sustaining the demurrer to the plea of *res judicata*, and the charge given and that refused, are assigned as errors.

HAMILL & LUSK, for appellant.—1. The court erred in sustaining the demurrer to the plea of *res judicata*. Difference in the forms of the actions is immaterial and identity of object is not indispensable. The court will look below the face of the record, behind the forms of the actions and beyond the objects sought, to discover " the real subject matter " of the litigation. Suits will be regarded as involving the same subject matter, when the same evidence will support both actions. The following cases cited and discussed at length : *Gilbreath v. Jones*, 66 Ala. 129; *Robinson v. Windham*, 9 Port. 398 ; *Rake's Adm'r v. Pope*, 7 Ala. 161 ; *Tarleton & Pollard v. Johnson*, 25 Ala. *ib.* 300; *Thomason v. Odum*, 31 *ib.* 108 ; *Patton v. Hamner*, 33 *ib.* 307 ; *Hopkinson v. Shelton*, 37 *ib.* 306 ; *Cannon v. Brame*, 45 *ib.* 262 ; *Parker v. Thompson*, 3 Pick. Rep. 429 ; *Eastman v. Cooper*, 26 Am. Dec. 600 ; *Coffin v. Knott*, 52 *ib.* 537 ; *Wood v. Jackson*, 22 *ib.* 603 ; *Lawrence v. Hunt*, 25 *ib.* 539 ; *Jones v. Weathersbee*, 51 *ib.* 653 ; *Doty v. Brown*, 53 *ib.* 350 ; *Hanna v. Read*, 40 Am. Rep. 608 ; *Montesquieu et al. v. Heil*, 23 Am. Dec. 471 ; *Burt v. Sternberg*, 4 Cowen, 559 ; *Shuttlesworth v. Hughey*, 9 Rich. 387 : *Parker v. Leggett*, 13 *ib.* 171; *Stevens v. Taft*, 8 Gray, 419 ; *Packet Co. v. Sickles*, 24 How. 333 ; *Smith et al. v. Kernochen*, 7 *ib.* 198 ; 2 Smith's Lead. Cases, 761, 787, 790;

23

1 Whart. Ev. §§ 775, 789, 784; *Foot v. Gibbs,* 1 Gray, 412 ; *Lewis v. Lewis,* 106 Mass. 309 ; *Pelton v. Mott,* 11 Vt. 148. 2. A judgment in ejectment, upon all the questions litigated and determined in it, is as conclusive as an adjudication in any other case, when collaterally assailed or brought in question.—*Kirkland v. Trott,* 75 Ala. 321 ; *Brothers v. Hurdle,* 51 Am. Dec. 400 ; *Postens v. Postens,* 38 *ib.* 752, and notes ; *Drexel v. Man,* 44 *ib.* 195 ; *Shumake v. Nelms, Adm'r,* 25 Ala. 126. 3. The charge given by the court was an invasion of the province of the jury and an assumption of the validity of the mortgage. But, conceding the validity of the mortgage, the charge does not state the law. —*Harrison v. Pool,* 16 Ala. 167 ; *Zeller's Lessee v. Eckert,* 4 How. 295 ; *Drayton et al. v. Marshall,* Rice's Eq. (S. C.) 373 ; *Jamison v. Perry,* 38 Ia. 14. The conveyance to the plaintiff was void. 1 Brick. Dig. 52, § 44.

W. P. CHITWOOD, *contra.*—1. As to the plea of *res judicata,* the following cases cited and discussed : *Camp v. Forest,* 13 Ala. 114 ; *McCall v. Jones,* 72 *ib.* 371 ; *Gilbreath v. Jones,* 66 *ib.* 129 ; 2 Bouv. Dic. 465 ; 1 Green. Ev , § 532. 2. As to adverse possession.—*Jones v. Reese,* 65 Ala. 134 ; *Denby v. Millgrew,* 58 *ib.* 147 ; *Rogers v. Boynton,* 57 *ib.* 501 ; *Hawkins v. Hudson,* 45 *ib.* 482 ; *Strang v. Moog,* 72 *ib.* 460.

STONE, C. J.—Boyle executed a mortgage to Wallace, conveying real and personal property to him, as security for the payment of certain promissory notes. The notes not being paid, Wallace instituted a statutory real action for the recovery of the lands, to which defendant pleaded that the mortgage had been falsely read to him, and that by that means his signature to it had been fraudulently obtained. In other words, he defended on the ground of fraud in the execution of the mortgage.—2 Brick. Dig. 14, § 13. There were verdict and judgment for the defendant.

The present suit is founded on the same mortgage title, and was instituted to recover the personal property therein conveyed. In form it is a statutory action for the recovery of chattels in specie, a substitute for the common law action of detinue. The defendant pleaded the former recovery in the suit for the land in bar of the present action. In substance and form the plea is in all respects good and sufficient, and a bar to this suit, unless there is something in the nature of the former suit, which takes this case without the operation of the general rule.—1 Greenl. Ev., § 528; Freeman on Judgments, § 257; *Rakes v. Pope,* 7 Ala. 161; *Tarleton v. Johnson,* 25 Ala. 300 ; *Thomason v. Odum,* 31 Ala.

[Boyle v. Wallace.]

108; *Patton v. Hamner*, 33 Ala. 307; *Hopkinson v. Shelton*, 37 Ala. 306; *Gilbreath v. Jones*, 66 Ala. 129; *Parker v. Thompson*, 3 Pick. 429; *Burt v. Sternburgh*, 4 Cow. 559; *Shuttlesworth v. Hughey*, 9 Rich. Law, 387; *Parker v. Leggett*, 13 *ib.* 171; *Montesquieu v. Hiel*, 23 Amer. Dec. 471; *Lawrence v. Hunt*, 25 *ib.* 539; *Coffin v. Knott*, 52 *ib.* 537.

There was a demurrer to the plea of *res judicata*, assigning as a ground "that the plea shows that the former action described in said plea was ejectment, and the plaintiff has the right to bring a second action of ejectment, and the judgment in said action of ejectment is not conclusive between the parties." The demurrer was sustained.

In England many actions of ejectment may be brought between the same parties for the recovery of the same property, and a recovery in one suit is no bar to a second or subsequent action. This principle grew in part out of the fictitious machinery with which the remedy was then incumbered, and partly out of the fact that the recovery in such action was considered as settling only the right to the possession, as of the time of that suit. A right to the possession at one trial, it was said, could not determine the right to the possession at another time.

In many of the States of this Union the fictitious machinery of the English system has been abolished, and in most of the States provision is made for a direct issue and trial between the adversary claimants. In many, if not a majority of the jurisdictions, either by statute or by judicial determination, the effect of a judgment in a suit for land, where the strength of the title is considered and passed upon, is as complete a bar to further contestation, as if personal property, or personal rights had been the subject of contention.— *Barrows v. Kindro*, 4 Wall. 399; *Lessee of Parish v. Faris*, 2 Black. 606; *Adams v. Barnes*, 17 Mass. 364; *Hodges v. Eddy*, 52 Vt. 434; *Sims v. Smith*, 19 Ga. 124; *Dickerson v. Powell*, 21 Ga. 143; *Caperton v. Schmidt*, 26 Cal. 479; *Amesti v. Castro*, 49 Cal. 325. 1 Herm. Estoppel & *Res Judicata*, §§ 199 to 210; 2 Smith Lead. Ca. *648; *Wood v. Jackson*, 22 Amer. Dec. 603; *Davis v. Welburm*, 26 *ib.* 154; *Nason v. Braisdell*, 33 *ib.* 331; *Brown v. Taylor*, 37 *ib.* 618; *Postens v. Postens*, 38 *ib.* 752; *Drexel v. Man*, 44 *ib.* 195; *Brothers v. Hurdle*, 51 *ib.* 400; *Jones v. Weathersbee*, *ib.* 653; *Doty v. Brown*, 53 *ib.* 350; *Hanna v. Read*, 40 Amer. Rep. 608; Wells' *Res Adjudicata*, § 298; *Smith v. Kernochen*, 7 How. 198; *Bailey v. Fairplay*, 6 Bin. 450; *White v. Kyle*, 1 Serg. & R. 515; *Doe ex dem v. Preece*, 1 Tyrwhit, 410.

In Alabama our legislation is peculiar. We have provided for dispensing with the fictitious frame-work of the ac-

tion of ejectment (Code of 1876, § 2959), but we have provided further that "two judgments in favor of the defendant in an action of ejectment, or in the nature of an action of ejectment between the same parties, in which the same title is put in issue, is a bar to any action for the recovery of the land, or any part thereof, between the same parties or their privies, founded on the same title."—Code, § 2969. It will thus be seen that we have not entirely abrogated plurality of suits. We have reduced the number to two, in a class of cases. To give this statute full effect, we must hold that less than two judgments in favor of the defendant is not a complete bar against further suit for the same land, "between the same parties or their privies, founded on the same title." *Jones v. DeGraffenreid*, 60 Ala. 145, 152. In *Camp v. Forrest*, 13 Ala. 114, 117, it is said, such judgment "can never be final ; and it is always in the power of the party failing, whether plaintiff or defendant, to bring a new action." In the old case of *Thurstout, ex dem Park v. Troublesome*, Andrews' Rep. 297, it is said one judgment in ejectment can not be pleaded in bar of another. See, of similar import, Wells on *Res Adjudicata*, § 327, and Herman's recent work on Estoppel and *Res Judicata*, § 204; *Dawley v. Brown*, 79 N. Y. 390, 399.

To hold the plea of *res judicata* good in this case would certainly lead to a most singular result. It would be to declare that while the judgment in ejectment was not conclusive of the right to the property therein litigated, it was nevertheless conclusive of the right to other property which had not been litigated, because it was dependent on the same title. Do we not give to the doctrine of *res judicata* its full effect, when we hold that a trial and judgment in any given case upon the validity and strength of a particular title, has the same force and effect—no more and no less—upon any other contention between the same parties or their privies, which depends on the same title. As the plea would not have been a bar to a second suit for the recovery of the land, we feel constrained to hold it is not a bar to the present action, which is a suit between the same parties, dependent on the same title.

There is nothing in the other questions raised.—*Zeller v. Eckert*, 4 How. U. S. 289.

Affirmed.