# McGrantt *v*. Baggett.

*Bill in Equity to remove Cloud from Title to Real Estate.*

1. *Suit to remove cloud from title; judgments in ejectment; res adjudicata.*—Where the validity of a deed of conveyance has been established by two judgments in favor of the defendant in actions of ejectment between the same parties, such judgments are conclusive between the parties to said suit; and the plaintiff in such actions can not subsequently maintain a bill in equity to cancel said deed of conveyance as a cloud upon her title; the validity of such deed having become *res adjudicata* between the parties.

APPEAL from the Chancery Court of Conecuh.

Heard before the Hon. WILLIAM L. PARKS.

Appellant, Lucy McGrantt, exhibited her bill of complaint in the chancery court of Conecuh county against the appellee, J. G. Baggett, seeking to obtain the cancellation, as a cloud upon her alleged title, of a certain

deed, purporting to have been made by her to appellee, dated January 24, 1890, conveying to appellee certain ten acres of land, together with the timber on certain other lands therein described, upon the ground that the said deed was never executed by appellant or any one by her authority. The deed purports to have been acknowledged on the 13th of March, 1890, by the grantor, before an officer duly authorized to take and certify such acknowledgments.

The defendant answered this bill, denying that complainant was the owner or in possession of the land upon which was the said timber, and alleging the circumstances of the execution of said deed by complainant, and further specifically alleging that complainant had theretofore brought in the circuit court of Conecuh county her two separate actions of ejectment for the recovery of the ten acres described in the deed sought to be cancelled; that in each of said suits there was a trial upon their merits, and that the issues in each of said suits tried and determined was the validity of said deed sought to be cancelled; that judgment was rendered in each of said suits in favor of defendant, and that the question sought to be presented and determined by the said bill of complaint was *res adjudicata;* copies of the summons and complaints and judgments in said actions of ejectments were made exhibits to said answer. The evidence introduced substantially proved the averments of the answer.

On the final submission of the cause on the pleadings and proof, the chancellor rendered a decree denying the relief prayed for and ordering the appeal dismissed. From this decree the complainant appeals, and assigns as error the rendition of said decree.

J. F. JONES, for appellant, cited *Ullman v. Herzberg,* 91 Ala. 458.

LOMAX, CRUM & WEIL, *contra.*—The judgment in the ejectment suits were conclusive upon the parties thereto and were *res adjudicata* in the present bill in equity.—*Strang v. Moog,* 72 Ala. 460; *Bizzell v. Spring Valley.* 124 U. S. 225.

SHARPE, J.—To remove an alleged cloud from her title to the timber interest in seventy acres of land, complainant seeks to have cancelled a writing which purports to be a deed from her to defendant conveying the timber interest in question together with the fee simple interest in an adjoining ten acres. The alleged ground for relief is that complainant never executed such a deed. It is proven that complainant has twice sued the defendant in ejectment for the ten acres of land, and that in both suits the execution of this deed was the main question at issue, and further that in both suits judgment was rendered on verdict for defendant. By those judgments complainant is precluded from showing in this suit that she did not execute the deed. The general rule is that an adjudication estops the parties to reopen the controversy determined by it. 2 Brick. Dig. 580. Though the property involved be not the same in both suits, yet if there is identity in the right upon which the judgment was invoked and if that right was properly within the issues of the first suit and was therein actually contested, tried, and determined upon its merits, the parties are bound to that result in the second suit.—*Crowder v. Red Mountain Mining Co.*, 127 Ala. 254; *Liddell v. Chidester*, 84 Ala. 508; *Heard v. Pulaski*, 80 Ala. 502; *Boyd v. Wallace*, 81 Ala. 352; *Bissell v. Spring Valley Township*, 124 U. S. 225; *Cromwell v. County of Sac.*, 94 U. S. 351; *Jacobson v. Miller*, 41 Mich. 90; Van Fleet's Former Adjudication, §§ 1, 272. And to show that the matter was so actually put in contest and adjudicated, parol proof may be looked to when the record of the first suit fails to disclose the fact.—*Chamberlain v. Gaillard*, 26 Ala. 504; *Strauss v. Meertief*, 64 Ala. 299.

In *Smith v. Kernochan*, 7 How. (U. S.) 198, it was held that a decree upon the validity of a mortgage had in court of chancery was binding upon the parties in an action of ejectment dependent upon the same mortgage; and the rule is not different where as between these parties the deed's validity has been first established in ejectment and is afterwards assailed in chancery. Under our statute, two judgments in eject-

ment for the defendant founded on the same title con-
clude the controversy, and together must be given the
same binding force as would be given to a single judg-
ment in another form of suit.    In *Boyd v. Wallace,
supra,* the validity of a mortgage conveying both land
and personal property had been tried in a suit for the
land.    In the then pending suit which was for the
chattels, and founded upon the same mortgage, the
court recognized as a valid principle that if the fact of
validity had been adjudicated by two judgments in
ejectment instead of one, the parties would have been
concluded thereon in the suit for chattels.

The decree will be affirmed.

