## SHUMAKE *vs.* NELMS' ADM'R.

1. In trespass to try titles, the plaintiff is entitled to recover damages for the rents accruing up to the time of the verdict, and therefore the judgment is conclusive that they were recovered ; and the fact that the action was against a tenant whose term expired before the rendition of the judgment, if his landlord was made a party, makes no difference.

2. After a recovery in trespass to try titles, trespass for the mesne profits accruing after the rendition of the judgment and before the execution of the writ of possession, lies against the defendant in the first action, or against any one coming into possession under him ; but if the tenant, in such case, comes into possession under an express promise to pay rent to the defendant, the plaintiff cannot maintain *assumpsit* for use and occupation against him.

3. A recovery in ejectment, or in trespass to try titles, is conclusive between the parties and their privies, as to the title of the plaintiff's lessor, in a subsequent action for the rents and profits.

ERROR to the Circuit Court of Perry.

Tried before the Hon. JOHN D. PHELAN,

ASSUMPSIT for the use and occupation of a certain house and lot in the town of Marion during the year 1846. It appears from the bill of exceptions, that the plaintiff offered evidence tending to prove that the defendant occupied the house and lot described in the declaration from the middle of March, 1846, to the first of January, 1847, and that the annual rent was worth from $125 to $130 ; and he then offered in evidence the writ and other papers in a certain action of trespass brought by him, in the Circuit Court of Perry, against one C. M. High, on the 22d October, 1845, as well to try the titles to the said premises, as also to recover damages for their detention, and then proved that said High was the tenant of A. C. McKeen and Lucinda McKeen, who had rented the premises to him during the year 1845. The defendant then showed by the record of said action of trespass, that the said McKeens voluntarily appeared, and were made parties defendants to that action as landlords of said High, and had defended the suit ; and he then read the judgment entry, in that action, showing a verdict and judgment for the plaintiff for $142 25, which was rendered on the 12th November, 1846. To all this evidence no objection was made.

"The plaintiff, in order to show that no damages had been recovered for the time the premises were occupied by the defendant, then offered to prove that the jury, in said action against High, brought in a verdict for between $500 and $600; the defendant objected to the introduction of this evidence, but the court overruled the objection, and the defendant excepted. The plaintiff then proved that said jury did return a verdict for heavier damages as aforesaid, and that the presiding judge intimated that damages could only be regularly assessed against the defendants for the time said premises were occupied by said High, which was something more than a year, and before the time when defendant occupied; and thereupon the plaintiff, by his counsel, consented in open court that the damages assessed by the jury should be for the rent of said premises for the time they were occupied by said High, and the verdict was accordingly reduced to the sum named in the judgment. To the introduction of this evidence the defendant also objected; but his objection was overruled, and he excepted.

"The plaintiff further proved that, while said Shumake was in possession of said premises, or shortly after he went out of the possession thereof, plaintiff gave him notice that he claimed the rent due for the year 1846, and notified defendant not to pay it to said McKeens or their agent; that defendant then stated, that he had given his note for the rent to the said McKeens, and that he was willing to pay said rent to whomsoever it was legally due, and that all he wanted was not to be compelled to pay it twice; that the said suit against the McKeens was then pending, and that this was known to Shumake. The defendant then proved that he had rented the said premises from Hugh Davis, Esq., as the agent of said McKeens, and had given his note for the rent, payable to them;" he also introduced the note in evidence, at the bottom of which was the following memorandum: "N. B. My rent is to stop if I be turned out of possession by McKeens' loss of the lot in virtue of the proceedings at law." Defendant then "offered evidence tending to prove that he occupied said premises as the tenant of said McKeens, and not as the tenant of said Nelms; also, that on the trial of said suit against High and the McKeens, evidence was offered tending to show

the value of the rent of said premises for several years prior
and up to the said trial, and thereupon the jury gave damages
for $500 or $600 for said rent ; and the presiding judge then
deciding that not more than one year's damages or rent could
be recovered in that action against the parties thereto, the
said verdict was made in conformity to such decision, and the
plaintiff, though present, took no exception to said ruling, and
consented to said amendment of said verdict." He also
proved, that the judgment in that action was stayed by a writ
of error bond, and was not affirmed by the Supreme Court
until long after he had gone out of possession of said premises;
and he then offered in evidence the writ and declaration in a
suit brought against him on said note, which was then stand-
ing on the trial docket of the court. "He then offered to
prove, that the plaintiff relied for title on a deed from the
sheriff of Perry county ; that the execution under which he
purchased said premises, and by virtue of which he obtained
said deed, was issued in favor of a plaintiff who had died long
before the issue of said execution ; that his said deed was null,
and of no validity whatever, and therefore plaintiff had no
title to said lot ; to the introduction of which evidence plain-
tiff objected, and the court sustained the objection, and the
defendant excepted."

"The above is the substance of all the evidence offered, and
no other was offered to show that the defendant held under,
or owed said rent, or had promised to pay the same to the
plaintiff ; and there was no conflict of testimony on any point
involved in the case."

"On this state of proof, the defendant, by his counsel, con-
tended before the court, 1st, that the action of *assumpsit* did
not lie ; and, 2d, that the plaintiff was estopped and barred
from recovering against defendant in this action by the judg-
ment in said action against said High and McKeens. But
the court charged the jury, that the notice given by plaintiff
to defendant of his claim to the rents, and the conversation
between them as set forth, would authorize him to maintain
this action ; and that he, in consequence of having (*given?*)
said notice, was entitled to recover the rent of said premises
from defendant, for the whole time that he occupied the same.
To this charge the defendant excepted, and asked the court

to charge the jury, that if they should find that defendant rented said lot from McKeens, through their agent, and gave his note for the same, and that he occupied the same as their tenant from the time he first went into possession thereof until his term expired, then the plaintiff could not maintain this action, notwithstanding the said notice to defendant and his declaration as above stated. The court refused to give this charge, and the defendant excepted."

"The defendant also asked the court to charge, that plaintiff was estopped from maintaining this suit, by the judgment in the said case against High and McKeens; which charge the court refused to give, and the defendant excepted. The defendant further asked the court to charge, that upon the evidence adduced in this case, plaintiff could not recover in this action; which charge the court refused to give, and charged the jury, that, if they believed the evidence, plaintiff could well maintain this action, and that the plaintiffs in said suit on said note could not maintain their action; to which refusal, and to the charge given, the defendant excepted."

The several rulings of the court, as shown and excepted to in the bill of exceptions, are now assigned for error.

I. W. GARROTT, for the plaintiff in error:

1. The evidence offered by plaintiff below, as to the verdict of the jury and the action of the court in the case of said plaintiff against High and the McKeens, was illegal. Shumake was not a party to that case, and in no way bound by the proceedings therein; and if he was privy in estate to the McKeens (which is conceded), then the evidence was also illegal, because irrelevant, and calculated to mislead the jury. Besides, the proceedings of courts of record can only be made to appear by their records, and if the unfinished deliberations of a court and jury, or either, can be given in evidence, where is such principle to stop?

2. The evidence offered by Shumake to show that Nelms had no title to the lot, was proper, and should have been admitted. If he was privy to the McKeens, then he alone, or together with them, had the right to resist a recovery, notwithstanding the former recovery by Nelms.—Camp v. Forest et al., 13 Ala. 114. If he was not privy, he had a right to show it, as he was not tenant to Nelms.

3. In the charges and refusals to charge, the court erred. Shumake was the tenant of the McKeens, and not of Nelms. Nelms had recovered rents from the McKeens, who were Shumake's landlords; if he recovers also from Shumake, the tenant, he recovers twice for the same rents, and the McKeens could never recover rent at all from their own tenant, unless he could be compelled to pay twice. Shumake, being the tenant of McKeens, cannot dispute their title; he must therefore pay them, and it follows that he ought not to pay Nelms. The action of *assumpsit* does not lie in such a case. There was no demise from Nelms to Shumake, no contract in any way for the rents; and this action for use and occupation cannot be sustained in the absence of a demise, or a contract express or implied to pay rent.—Bell v. Ellis' Heirs, 1 S. & P. 294; Hays v. Goree, 4 *ib.* 170; Bisquay v. Jcunelot, 10 Ala. 245, 248; Ex'rs of Smith v. Houston, 16 *ib.* 111; Loyd v. Hough, 1 How. (U. S.) Rep. 153, 158-9, 160; Henwood v. Cheeseman, 3 S. & R. 500.

4. If a plaintiff brings an action of ejectment or trespass to try title against a tenant for a term, he can recover such damages as may accrue up to the trial, notwithstanding the tenant has gone out of possession. If he does not so recover, he could bring several suits to recover the damages accruing during the progress of the suit.

5. The court should have given the charge asked for—that upon all the evidence adduced, the plaintiff could not recover. All the evidence is set out in the record, and in all of it there is not one particle of proof to show any contract, express or implied, to pay rent to Nelms, but the reverse.

The charge that plaintiff could recover for the whole time defendant was in possession, was directly against the case of McGehee v. Cummings, 9 Por. 349.

J. R. JOHN and A. B. MOORE, *contra* :

1. The plaintiff in error held the lot as the property of another, not as his own, during the pendency of a suit for its recovery, with notice of the suit, and promised to pay to whomsoever it might properly belong. The facts shown in the record sustain the action; therefore, the charge of the court was correct.

Shumake v. Nelms' Adm'r.

2. The first charge asked by the defendant below was properly refused. Shumake could not set up a tenancy under a landlord who had no title, and thereby defeat the rightful owner. Shumake could have no better title than McKeen and wife, under whom he went into possession. They had none ; consequently, a tenancy under them would not bar this action for the rent.

3. Whilst it is conceded that trespass is the usual, and in some instances the only remedy to recover mense profits, yet it is insisted, with confidence in the position, that the facts of this case bring it clearly within the principles which, by the decisions of this court, govern the action of *assumpsit* for use and occupation.—Davidson v. Earnest, 7 Ala. 822 ; Ex'rs of Smith v. Houston, 16 *ib.* 111; Catterlin v. Spinks, 16 *ib.* 467.

4. The promise in this case to pay to the rightful owner is sufficient to support *assumpsit*, by showing, as is done by the record, that Nelms was the true owner and the person to whom the promise was made.

5. In an action of ejectment, or trespass to try titles, each occupant is liable only for the actual time he occupies, and damages for a longer period cannot be assessed against him ; and where the defendant in such a suit gives up the possession to a third person, such third person becomes liable for the mesne profits to the extent of the time he occupies, if the plaintiff recovers, in a separate suit by the plaintiff against him.—Sedgwick on the Measure of Dam. 127; Holcomb v. Rawlins, Cro. Eliz. 540; Morgan v. Varick ,8 Wend. 587; Jackson v. Stone, 13 John. 447.

6. Nelms could, therefore, only recover from High for one year's rent by his suit ; he could not in that suit recover anything from Shumake, because he was not a party. But Shumake, being a third person, and taking the premises from the defendant, is liable for mesne profits, and by his promise liable to the plaintiff in this form of action. Consequently, the judgment against McKeen and wife and High was no bar to this action.

7. But if it had been legal and proper to take judgment against McKeen and wife and High for the entire amount of damages, and if the judgment had been actually rendered thus, Shumake could not plead it in bar of his liability, with-

out also showing that the judgment thus rendered had been satisfied; and it is doubtful whether such a judgment and satisfaction would be a bar. If it were otherwise, an insolvent man might oust the true owner, and by under-letting to solvent men, make the damages clear. This cannot be the rule of law.

8. These positions show, that the court was correct in refusing to charge that the plaintiff was estopped from maintaining this suit by his judgment against McKeen and wife and High.

9. It is well settled, that a recovery in an action of ejectment is conclusive on the defendant and all claiming under the defendant in an action for the mesne profits; and with us, the rule must be the same as to recoveries in actions of trespass to try titles.—Jackson v. Stone, 13 John. 448; Morgan v. Varick, 8 Wend. 598.

10. If the above position be correct, then the record of the judgment against McKeen and wife and High was competent evidence against the defendant in this suit; for a judgment is evidence against the parties and all claiming under them.—Dewy v. Osborne, 4 Cow. 339; 2 Phillips' Ev., p. 6, ch. 1, § 1, 6 Am. from 7 Lon. ed.

11. Although a judgment in ejectment, or trespass to try titles, might not bind a landlord who had no notice of the suit, yet it is clear, if the landlord be made a party, or have notice of the suit against his tenant, even if he do not become a party on the record, he is bound by the judgment, and consequently all claiming under him will be equally bound. McKeen and wife were parties to the suit to try titles; and if it were conceded that they were improper parties, Shumake could not take advantage of that irregularity; but if he could, still McKeen and wife had notice, and the judgment against High is conclusive on them, and being conclusive on them, is good evidence against Shumake, who went into possession of the premises in question under them.

12. There was no error in the admission of the testimony offered by the plaintiff in regard to the finding of the jury. It was not designed to alter or impair the verdict, but to establish facts outside of the verdict, which could well be done. But if it were erroneous, the error was cured by the defend-

ant subsequently introducing the same testimony in substance, as shown by the record. If there were error, and it was not cured by the defendant's introducing the same testimony, the record shows that the defendant below could not be injured.

13. There was no error in excluding the proof offered by Shumake of the pendency of the suit of McKeen and wife against him for the rent. Nelms could not be affected by that proceeding ; neither could Shumake call in question the correctness of the judgment between Nelms and McKeen and wife and High ; that judgment concluded him, because he took possession under McKeen and wife; he could not impeach it, so long as it remained unreversed. Nor could he impeach Nelms' title to the lot, he being bound by the adjudication of that question in the suit of Nelms v. High, McKeen and wife. It therefore follows, that all the testimony offered by Shumake, tending to impeach either the judgment or Nelms' title, was illegal, and correctly ruled out.

GOLDTHWAITE, J.—The first question is, whether Nelms, in his action of trespass to try titles, could have recovered in damages the rents of the land accruing up to the time of the verdict in that action ; and we are clear that he could. The object of the act of 1821 (Clay's Dig. 320, § § 43, 44, 45) was, to give the owner of lands a remedy to recover possession in the action of trespass, and in the same proceeding to recover damages and costs ; and hence in Cummings v. McGehee, 9 Porter 349, it was held by this court, that an action for *mesne* profits, accruing previous to the rendition of judgment in an action of trespass to try titles, could not be maintained. It can make no difference, that the action was commenced against a tenant whose term expired before the rendition of the judgment, if the landlord was made a party to the suit, and his possession continued up to the time of the verdict, as we held in Rowland v. Ladiga, 21 Ala. 9, that the defendants might protect themselves in this action from a joint judgment for damages, by showing the character and extent of their separate possessions. Upon this authority, if A and B were sued, A could show that he and B held jointly but a portion of the lands sued for ; and the plaintiff, in such a case, would be entitled to a joint verdict against them, for

the value of such possession, and he also would be entitled to a verdict against B alone, for the damages resulting from the occupation of the remaining portion by him. In the particular case referred to, the decision was made with reference to the occupancy of distinct portions of the land by the defendants ; but the principle is equally applicable to the time of possession, being founded on the rule which obtains in the action for *mesne* profits, which holds each occupant responsible only for the length of time he has been in possession.— Holcomb v. Rawlins, Cro. Eliz. 540 ; Morgan v. Varick, 8 Wend. 587. The plaintiff Nelms was, therefore, entitled to have recovered in his action to which the McKeens were a party damages covering the possession of the land sued for up to the verdict, and for that reason the judgment in that action was conclusive upon that point (Cummings v. McGehee, *supra*); and the evidence showing that damages were not recovered up to that time, was improperly admitted ; and as the record shows these damages were paid, they could not, for that reason, be recovered a second time.

For the error we have noticed the judgment must be reversed ; but it is necessary that some of the questions presented upon the record should be decided, in order that the case may be proceeded with correctly on another trial.

We have held, that after a recovery in trespass to try titles, trespass for the *mesne* profits accruing for the period intervening between the recovery of the judgment and the execution of the writ of possession, would lie against the defendant in the first action ; and we think it clear, also, that this action may be maintained against any one coming into possession under the defendant, for the length of time he occupies.— Holcomb v. Rawlins, *supra ;* Jackson v. Stone, 13 Johns. R. 447 ; Morgan v. Varick, *supra*. Hence it follows, that the value of the possession of the lands by Shumake, subsequent to the verdict in the suit of Nelms against the McKeens, would be recoverable in an action of trespass for the *mesne* profits.— But the question here is, whether it can be recovered in an action for use and occupation. In Hull v. Vaughan, 6 Price's Exch. Rep. 157, the facts in evidence, as understood by the court, were : that Hull was entitled to the possession, and at the instance of Vaughan gave it up to him, supposing that he

was entitled to it; and it was held, that the law raised an *assumpsit* in favor of Hull, the real owner, for the use and occupation. Catterlin v. Spinks, 16 Ala. 467, was decided upon the authority of the case in Exchequer, and both the cases were based upon the principles of the common law, applied, it seems to me, with very great liberality, to meet the obvious justice of the case ; it being supposed that no recovery of the rents could be had, unless in the form of action adopted. Each of these cases rests entirely upon the doctrine of implied *assumpsit*. In the case before us, however, the evidence shows, that Shumake rented the premises from the McKeens, and expressly promised to pay the rent to them ; and upon this evidence, standing by itself, we do not think the plaintiff could recover for use and occupation, as an implied *assumpsit* to one cannot be raised in the face of an express promise to another for the same consideration.—Whiting v. Sullivan, 7 Mass. 107 ; Jewett v. Somersett, 1 Greenl. 125.

If, however, there was an express promise, made by Shumake during the pendency of the action of trespass to try titles, and while in possession of the land, to pay High [the rent, it is clear that, under the authority of Smith v. Houston, 16 Ala., the latter would be entitled to recover the rent accruing after the suit in this form of action.

The evidence on the part of Shumake, to show that Nelms had no title to the premises, was properly rejected. The rule is, that the recovery in ejectment is conclusive between parties and privies, as to the title of the lessor of the plaintiff, in trespass for the *mesne* profits, (Benson v. Matsdorf, 2 John. 369 ; Baron v. Abeel, 3 Johns. 481 ; Jackson v. Stone, 13 Johns. 540 ; Leland v. Tousey, 6 Hill 328) ; and the same principle would apply to all cases, except an ejectment or trespass to try titles.—Van Wyck v. Seward, 1 Edw. Ch. 327. Here, the record shows that Shumake rented from the McKeens during the pendency of the suit against them to try titles; he was, therefore, privy in estate to them, and bound by the recovery against them.—Howard v. Kennedy, 4 Ala. R. 592.

Judgment reversed, and cause remanded.