24 So.2d 429

**BOWDEN et al. v. TURNER.**

**4 Div. 384.**

Supreme Court of Alabama.

Dec. 20, 1945.

Rehearing Denied Jan. 24, 1946.

Jas. J. Winn, of Clayton, for appellants.

M. I. Jackson, of Clayton, for appellee.

**BROWN, Justice.**

This is a joint appeal by all of the defendants from the final decree granting the complainant relief under his bill filed on the 20th day of November, 1940, seeking to compel specific performance of a contract to sell and convey the lands described in the bill alleged to have been made "a number of months prior to November, 1938," in which part of the purchase money was paid in cash and complainant was placed in possession and remained in possession of said property until ousted in pursuance of a judgment rendered by the Circuit Court of Barbour County in an action in the nature of ejectment brought by the appellees Locke and Charlie Bowden.

The bill alleges that said contract to sell and convey was confirmed by deed subsequently made in November, 1938, by the widow and heirs at law, then sui juris, of Charlie Turner, deceased, through whom all the parties claimed as the common source of title. It is not questioned that the attempted conveyance by Belle Baker, who was formerly the widow of Charlie Turner, was abortive, in that her husband Lethie or Leathie Baker, to whom she was married after the death of Turner, did not efficaciously join in the execution of the deed. Davidson v. Cox, 112 Ala. 510, 20 So. 500.

The case was submitted here without leave of severance in the assignment of error, and only errors affecting all of appellants are due to be considered. Stacey et al. v. Taliaferro et al., 224 Ala. 488, 140 So. 748; Hammock et al. v. Oakley, 228 Ala. 588, 154 So. 906; Moore et al. v. Welden, 225 Ala. 458, 143 So. 831; Ballard et al. v. Baker, 227 Ala. 143, 148 So. 835; Bank of Cottonwood et al. v. Hood, 227 Ala. 237, 149 So. 676.

The first assignment of error and the several specifications thereunder numbered from one to nine, inclusive, and assignment ten question the equity of the bill and its sufficiency to confer jurisdiction on the Circuit Court of Barbour County, sitting in equity, to grant the relief prayed. The question of the equity of the bill was settled on the former appeal by the respondents from the decree on the demurrer to the bill. Bowden et al. v. Turner, 243 Ala. 182, 8 So.2d 849.

The eleventh assignment of error challenges the decree, "as being contrary to the law and the evidence: Contrary to the law in that it affirmatively appears that the Court is without jurisdiction to hear and determine the matters averred in the bill; contrary to the evidence in that the whole of the evidence conclusively shows indefeasible title to the property in question is in the appellant, Charlie Bowden and Locke Bowden."

The controlling issue of fact presented for decision on the trial was the existence of the alleged contract to sell and convey, the payment of a part of the purchase money accompanied by surrender of possession to the purchaser or his agent, and complainant's subsequent possession for a sufficient time to put the respondents Bowden on notice, or of other notice to them of the equities acquired by complainant through said alleged oral agreement to purchase from the widow and heirs of Charlie Turner. The testimony was in irreconcilable conflict, and the trial court, who saw and observed the demeanor of the witnesses, while giving their testimony, was in a better position to judge of the credibility and weight of the evidence than we are. Therefore, we refrain from reviewing the trial court on his conclusion of fact. Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 So. 423; 2 Ala. Digest, Appeal and Error, p. 790, ☞1012.

Another question going to the equities of the case is presented by the defendants' answer, avowing an indefeasible title in defendants Locke and Charlie Bowden by their alleged purchase from the successors in estate of Stewart, through the

354

foreclosure of the mortgage executed by Charlie Turner and wife Belle Turner to W. J. Stewart. There was evidence going to show that this mortgage was paid in full before said foreclosure, and if the court found this to be true, such payment, as a matter of law, divested the title out of Stewart, and its subsequent foreclosure was inefficacious to vest in him as the purchaser at the foreclosure sale, or his successors in estate, or vendees' title to the property. Code 1940, Tit. 47, § 181; Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463.

The clerical error pointed out by the twelfth assignment of error wherein the court in effect recited that plaintiff, appellant John Wesley Turner, theretofore recovered said land in an ejectment suit brought by John Wesley Turner, is not important, and does not affect the soundness of the decree, nor was that single judgment in ejectment recovered by the Bowdens against Turner res adjudicata of any of the issues presented in this case. Code 1940, Tit. 7, § 959; Pritchard v. Fowler, 171 Ala. 662, 55 So. 147; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217.

We find no error in the record.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.