26 So.2d 96

**MOORE v. McLEAN.**

**I Div. 257.**

Supreme Court of Alabama.

May 9, 1946.

10

Alex T. Howard, of Mobile, for appellee.

D. P. Moore, of Mobile, for appellant.

FOSTER, Justice.

This is a suit in equity to establish the claims of a land owner whose land was sold for taxes and who has remained in possession. Section 296, Title 51, Code, gives him a right when sued for the land to ascertain and pay an amount there described, and thereby divest title out of the purchaser. The time for redemption conferred by statute (see, section 303, Title 51, Code) had expired. There existed in complainant no right in respect to the land except that conferred by section 296, Title 51, supra.

The sale was for the taxes of 1932, and was made to the State. On June 15, 1942, the State sold it to D. P. Moore under whom respondent claims. There is no al-

legation that the notice required by section 316, Title 51 (section 3121, Code of 1923), was not given to complainant before the land was sold to Moore. Respondent sued complainant in ejectment and recovered a judgment by default on which a writ of possession was issued, but has not been executed, though complainant has been in possession continuously, and was at the time of filing this suit. At that stage this bill was filed, and the court ordered a suspension of its execution. The bill alleges no facts or even conclusions of law which reflect upon the validity and effect of the judgment by default. It does not allege an absence of service of process or any fraud or other circumstance upon which it is sought to be vacated, nor some equitable right not available in defense at law. So that we must treat it as in all respects binding on complainant as far as a judgment by default in ejectment may be.

■ Section 959, Title 7, Code, provides that two judgments for defendant in an action of ejectment are a bar to further action.—One judgment does not settle the matters in controversy,—Boyle v. Wallace, 81 Ala. 352, 8 So. 194; Bowden v. Turner, Ala.Sup., 24 So.2d 429,[1]—except when they are collaterally involved in some other sort of suit.—Carlisle v. Killebrew, 89 Ala. 329, 6 So. 756, 6 L.R.A. 617; Shumake v. Nelms' Adm'r, 25 Ala. 126. When a defendant is sued in ejectment various statutes allow him to make certain defenses or put in issue certain matters.—See, section 942 (boundary lines), sections 945, 946 (permanent improvements, section 950 (mortgage debt), section 957 (growing crops), Code.

■ If no such suggestion is made in the first suit, it may probably be done in a second suit; but if there is no second suit, the question of whether the claim may be otherwise made and litigated depends upon whether the claim is one which exists independently of the statute which authorizes the defendant in ejectment to put it in issue. The establishment of a disputed boundary line, and the right to redeem mortgaged land exist independently of those statutes. They merely provide

an additional remedy to enforce an existing right or to settle an existing controversy. But not so as to permanent improvements under sections 945 and 946, supra, unless defendant is entitled to them on some equitable basis other than the statute. —Ellett v. Wade, 47 Ala. 456(5); 42 Corpus Juris Secundum, Improvements, § 14, p. 453(2). Likewise if defendant suffers a judgment against him without an appropriate suggestion he loses the statutory benefit of his growing crops (Carlisle v. Killebrew, supra; Weston v. King, 206 Ala. 574, 90 So. 802).

■ Section 296 supra, does not purport to provide an alternative remedy under the circumstances here alleged to effect a redemption otherwise existing. It prescribes a remedy for a right which may or may not have been forfeited by lapse of time. Section 303, Title 51, supra, fixes the time for redemption as supplemented by section 316, supra. That time had passed. All that complainant had was as provided in section 296, supra, that when he is sued he may in that manner have what is sometimes termed a redemption. And when he is not sued and still remains in possession he may enforce that right in equity, because he could do so if he were sued at law, but has not been. When he is sued at law he loses his right, when it does not otherwise exist, by not claiming it "before the trial of the cause,"—(see, section 296, supra), as he does his improvements and growing crops. There is involved no question of whether a judgment in ejectment is here res judicata. This complainant failed to make the statutory remedy available when he had a right to do so, and when it did not otherwise exist. We do not say that if it becomes necessary for a second suit in ejectment to be brought against him, he could not make use of the statute. But considering the facts alleged, there is no occasion for a second suit and he cannot prevent the enforcement of the judgment validly rendered against him to enable him to take advantage of a remedy which he had but neglected to use. Equity will not thus aid a negligent litigant.

---

[1] 247 Ala. 352.

12

The demurrer to the bill should have been sustained, and a decree to that effect is here rendered, allowing twenty days in which to amend the bill if advisable in the light of our cases.

Reversed, rendered and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ. concur.