170 So.2d 808

**Ruth Watts FITTS et al.**

v.

**Houston D. ALEXANDER.**

**2 Div. 469.**

Supreme Court of Alabama.

Jan. 14, 1965.

Edgar P. Russell, Jr., and Sam Earle Hobbs, Selma, for appellants.

Reeves & Stewart and Pitts & Pitts, Selma, for appellee.

LAWSON, Justice.

William P. Watts at the time of his death in 1906 was survived by his widow, Allie Houston Watts. He left surviving him no child or children, nor descendants of any child or children. At the time of his death William P. Watts was the owner of a plantation in Dallas County known as Riverdale Plantation, which contained 831 acres of land more or less. Watts died testate. Under the terms of his will, which was duly probated, Watts devised to his wife, Allie Houston Watts, all said lands for and during her lifetime. It was provided further in the will that should testator's wife, Allie Houston Watts, die without issue resulting from her marriage to Watts, then she should have the power of appointment to devise one half of the land by her will, the other one half to be expended "in the buying, paying for and erecting monuments to the memory of myself [William P. Watts], my first wife and my wife Allie Houston Watts."

After the death of William P. Watts his widow, Allie Houston Watts, married one Sheppard. She died during the year 1936, leaving a will with codicil, which was duly probated. Mrs. Sheppard's will devised to her nephew, Houston D. Alexander, all of the real estate of which she died seized and possessed.

On the 12th day of June, 1964, Houston D. Alexander filed his verified bill in the Circuit Court of Dallas County, in Equity, to quiet the title to the said 831 acres of land. The bill was filed against the said 831 acres of land and against the heirs at law of William P. Watts, deceased. All persons, known or unknown, constituting the heirs at law of William P. Watts, deceased, were made parties respondent to the bill.

The bill was filed under the provisions of §§ 1116–1132, Art. 2, Chapter 32, Title 7, Code 1940, as amended by an act approved September 12, 1951, Acts 1951, Vol. II, p. 1521. Such provisions have been referred to as "Proceedings in Rem to Establish Title to Land." Hart v. Allgood, 260 Ala. 560, 72 So.2d 91, and cases cited.

Service of the bill of complaint was had on all known respondents and upon failure of such respondents to plead, answer or demur within the time prescribed by statute, decrees pro confesso were duly entered against each by the trial court.

Pursuant to order of the trial court, notice of the pending action was given to such of the respondents whose whereabouts and addresses were unknown, if living, and to the respondents' heirs at law and devisees of such respondents, if deceased, by publishing the same for four consecutive weeks. Upon expiration of sixty days from the date of the first publication of said notice, decrees pro confesso were duly taken and entered against such respondents.

A guardian ad litem was appointed by the trial court to represent the interests of any and all unknown or unborn heirs or devisees of any of the named persons made parties respondent to the bill of complaint, who might be deceased, or any other persons under any legal disability, whose interests might be affected by the complainant's action in the trial court. On suggestion of complainant's counsel of lunacy of the respondent Estes Clifford Watts, the trial court appointed a guardian ad litem to protect said respondent's interests in the proceedings.

The demurrer of Edgar P. Russell, Jr., as guardian ad litem for respondent Estes Clifford Watts, a person alleged to be of unsound mind, testing the sufficiency of the bill of complaint, was overruled by the trial court. Answers denying the allegations of the bill of complaint were duly filed by Edgar P. Russell, Jr., as guardian ad litem for Estes Clifford Watts, and by Sam Earle Hobbs, as guardian ad litem for all of the unknown parties respondent.

The cause was submitted for final decree on the oral testimony taken before the trial court, the decrees pro confesso, the

answer of the guardians ad litem, and the entire record in the cause, all as shown by note of testimony for submission.

The final decree of the trial court vested title in fee simple to the lands described in the bill of complaint in the complainant, Houston D. Alexander. From that decree all of the parties respondent have prosecuted this appeal.

Under the provisions of § 1116, Title 7, Code 1940, as amended, one who claims to own lands or any interest therein, if no suit is pending to test his title to, interest in, or his right to the possession of the lands, may file a verified bill of complaint in the circuit court, in equity, of the county in which such lands lie, against the lands and any and all persons claiming or reputed to claim any title to, interest in, lien or encumbrance on said lands, or any part thereof, to establish the right or title to such lands, or interest, and to clear up all doubts or disputes concerning the same, when either of the following situations is shown to exist:

1. When the complainant is in the actual, peaceable possession of the lands.

2. When neither the complainant nor any other person is in the actual possession of the lands and complainant has held color of title to the lands, or interest so claimed, for a period of ten or more consecutive years next preceding the filing of the bill, and has paid taxes on the lands or interest during the whole of such period.

3. When neither the complainant nor any other person is in the actual possession of the lands and complainant, together with those through whom he claims, have held color of title and paid taxes on the lands or interest so claimed for a period of ten or more consecutive years next preceding the filing of the bill.

4. When neither the complainant nor any other person is in the actual possession of the lands and complainant and those through whom he claims have paid taxes during the whole of such period of ten years on the lands or interest claimed, and no other person has paid taxes thereon during any part of said period.

In Hart v. Allgood, 260 Ala. 560, 72 So.2d 91, we enumerated situations under which a proceeding in rem might be filed under the provisions of § 1116, Title 7, as amended, but we failed to mention situation 3 set out above. The opinion in the Hart case, supra, may also be subject to the interpretation that such a bill will lie under the situation numbered 3 in the Hart opinion where the complainant and those under whom he claims have paid taxes on the property during the ten-year period preceding the filing of the bill regardless of the fact that the respondents or some other person might be in actual possession of the land. We did not intend to so hold. Such a bill will lie in only two fundamental situations, one of which is where the complainant is in the actual peaceable possession of the property, and the other is where no one is in the actual possession of the property. See the article by Hon. Shuford B. Smyer of the Birmingham Bar published in 23 Alabama Lawyer at page 209.

The decree of the trial court overruling the demurrer was general, even though there were grounds of demurrer addressed to the amended bill as a whole and to two so-called aspects. The effect of such a decree is a ruling only on the demurrer to the bill as a whole, and if any aspect is good, the decree overruling the demurrer is due to be affirmed. Robinson v. Robinson, 273 Ala. 192, 136 So.2d 889, and cases cited.

In our opinion the bill as amended met each and every requirement of §§ 1116 and 1117, Title 7, Code 1940, as amended, and hence was sufficient as a proceeding in rem to establish title to the land described. No error is made to appear in connection with the decree overruling the demurrer to the amended bill.

The evidence shows without dispute that complainant was in the actual, peaceable possession of the suit property at the time the bill was filed, which, as shown above, is one of the conditions under which a proceeding in rem to quiet title may be filed.

The evidence fully supports the finding of the trial court to the effect that complainant had been in the open, notorious, absolute, hostile and exclusive possession of all of the suit property, claiming to own the same in fee simple for more than twenty-eight consecutive years prior to the filing of the bill of complaint.

Appellants' contention seems to be that appellee's title could never ripen into a fee simple title for the reason that the will of Mrs. Allie Watts Sheppard, under which complainant claims, did not constitute "color of title." Even if it be conceded that the devise to complainant under the Sheppard will was not "color of title" to an undivided one-half interest in the lands in suit, the correctness of the trial court's decree vesting title in complainant under the doctrine of prescription is not jeopardized because § 828, Title 7, Code 1940, which is the adverse possession statute and which requires color of title in order to establish title by adverse possession of ten years, unless certain other conditions are shown, has no application to the prescriptive period of twenty years. In Alford v. Rodgers, 242 Ala. 370, 372, 6 So.2d 409, 410, it was said: " * * * This statute [§ 828, Title 7] does not prescribe a limitation on the right acquired by the twenty year prescription period of adverse possession. * * *" To like effect see Davis v. Wells, 265 Ala. 149, 90 So.2d 256; Morris v. Yancey, 267 Ala. 657, 104 So.2d 553; Walker v. Coley, 264 Ala. 492, 88 So.2d 868; Howard v. Harrell, 275 Ala. 454, 156 So.2d 140.

This court has adhered with uniform tenacity to the doctrine of prescription and has repeatedly held that the lapse of twenty years, without recognition of right or admission of liability, operates as an absolute rule of repose. Walker v. Coley, supra; Morris v. Yancey, supra, and cases cited.

In Stearnes v. Woodall, 218 Ala. 128, 117 So. 643, after quoting from Kidd v. Borum, 181 Ala. 144, 61 So. 100, we said:

"In this respect the elements on which the doctrine of prescription is applied differ from those of adverse possession. In the first there must be an individual, continuous possession of user, without the recognition of adverse rights, for a period of 20 years, and upon the establishment of such claim and user, the law presumes the existence of all the necessary elements of adverse possession or title without fuller proof, while under a mere claim of adverse possession through the period prescribed by the statute of limitations no such presumption prevails, and all the elements must be established by him who asserts such possession or title. See Locklin v. Tucker, 208 Ala. 155, 93 So. 896, and cases cited in the last paragraph of the opinion in the case of Jackson v. Elliott, 100 Ala. 669, 13 So. 690." (218 Ala. 130, 117 So. 644.)

The amended bill contained all the statutory requirements for a proceeding in rem to establish title to lands. The decree of the trial court adjudged that they existed. The evidence shows beyond peradventure that complainant had acquired title to the lands in suit by the twenty-year prescriptive period of adverse possession.

The decree of the trial court vesting title in fee simple to the lands described in the bill of complaint in the complainant, Houston D. Alexander, is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, COLEMAN, and HARWOOD, JJ., concur.