232 So.2d 598

**Merle H. PATTERSON, as Executrix, etc.**

v.

**John BROOKS et al.**

**3 Div. 444.**

Supreme Court of Alabama.

March 5, 1970.

Fred S. Ball, Montgomery, for appellees.

MERRILL, Justice.

This appeal is from a decree approving a bonus of $7,100.00 payable to the executrix of the estate of a deceased employee. We affirm.

The testator, Richard H. Patterson, had worked for Ray-Brooks Machinery Co., Inc., a corporation, the stock of which is owned by John Brooks, Jr., the President of the Company, his mother, and one outside stockholder who owns three shares. For several years prior to his death, Patterson was Sales Manager for the Company. He died on January 29, 1969, and the fiscal year of the company ended on February 28, 1969. For that fiscal year, the company lost over $90,000.00. In the three preceding years, the profits of the company had been: 1966—over $113,000.00; 1967—over $32,000.00, and 1968—over $51,000.00. For those same years, Patter-

Alfred W. Goldthwaite, Montgomery, for appellant.

son had received a bonus as follows: 1966 —$13,600.00; 1967—$10,800.00, and 1968 —$14,200.00. The bonus for the fiscal year in which he died, 1969, was $7,100.00. Although the bonus of various officers and employees was not paid until May of each year, this suit, alleging that the bonus due Patterson was in jeopardy, was filed on April 22, 1969.

After a hearing before the court, the following decree was entered September 29, 1969:

"The court having previously sustained the demurrer of the respondents, John Brooks and Mrs. Louise Brooks, leaving only the respondent, Ray-Brooks Machinery Company, Inc., a corporation, and the cause coming on to be heard by the court and the parties and their counsel being present, and the evidence being heard orally by the court, and the issue being whether said corporation is indebted to the complainant for an additional amount due as a bonus for services rendered by the testator during the corporation's fiscal year, ending February 28, 1969, at the time of the testator's death on January 29, 1969, the court finds as follows:

"At the time of his death, the testator was employed by said corporation as its sales manager with an annual salary of $10,810.00 per year payable in monthly installments with the understanding that at the end of the fiscal year the company president, John Brooks, would discuss with the testator and obtain his views as to a bonus and he would then decide what additional amount would be paid as a bonus. The bonus would be additional compensation and serve as an incentive for future effort. This was to be done on or about May 1, after the close of the fiscal year on February 28th. There was no advance agreement to pay a sum certain or an amount to be based on a percentage of sales or percentage of profits or computed in any other mathematical way. The amount was to be entirely within the discretion of the company president. After the close of the 1969 fiscal year in this case the company president fixed the amount of the testator's bonus at $7100.00 and placed a check for that amount, less proper deductions, in the hands of the company attorney for surrender to complainant and in its answer the respondent stated in paragraph 6 that said amount was in its attorney's hands ready for delivery to complainant's attorney. Said check was offered in evidence on the trial of this matter. The bonus plus the amount of monthly salary of $9900.00 paid would make a total of $17,000.00 compensation for the testator for the eleven months service rendered prior to his death.

"The Alabama Supreme Court in Smith v. Dunlap, 269 Ala. 97, [111 So.2d 1], held that where the amount of a bonus is within the discretion of a corporation officer, unless there is evidence of bad faith, a court will not attempt to substitute its judgment for that of the corporation officer in determining the amount of the bonus. The court finds no evidence of bad faith in this case.

"IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED THAT the said $7100.00 check less deductions leaving a net amount of $4625.00, payable to the Estate of R. H. Patterson, which was offered in evidence, shall be held by the Register for delivery to complainant's attorney. The respondents stand discharged of any liability to the complainant for any additional bonus.

"All other relief prayed for by the complainant is denied.

"The costs of this cause be taxed against the respondent, for which let execution issue."

Only two questions are presented on appeal. Each is a question of fact. The first contention is that the "ruling of the trial court is contrary to the predominance and the great weight of the testimony and the evidence."

It is undisputed that there was no contractual plan for the payment of a bonus. The only two witnesses who testified as to the arrival at the amount of the bonus to be paid were appellant's witness Blankenship, a certified public accountant whose firm made the annual audit of the company, and John Brooks, Jr., the President of the Company. Blankenship testified that "the bonuses were fixed by Mr. Brooks in recent years." Brooks testified that after the end of the fiscal year, he got the figures from Mr. Blankenship showing whether or not the company had made any money, that he talked the matter of the amount of the bonus over with each person receiving a bonus and then "I make the decision."

This amply supports the finding of fact by the trial court that "The amount was to be entirely within the discretion of the company president."

■ Where evidence is heard orally before the trial court, the finding of the court has the effect of a jury's verdict and will not be disturbed on appeal, unless plainly erroneous, whether in law or equity. And we must affirm the trial court's decree, if fairly supported by credible evidence under any reasonable aspect, regardless of what might be our view of the evidence. Norton v. Norton, 280 Ala. 307, 193 So.2d 750; Great American Ins. Co. v. Railroad Furniture Salvage of Mobile, Inc., 276 Ala. 394, 162 So.2d 488; Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281.

■ The first question of fact complained of in the decree was supported by the evidence and the assignments of error raising this point are without merit.

■ The second question of fact was raised by motion to perfect the record to show that a check for $7,100.00 had been introduced as evidence and that no check

for the amount of $4,625.00, mentioned in the decree, was in the record.

It is true that reference in the testimony was made more than once to the bonus check for $7,100.00. This was the gross amount of the bonus awarded to the estate of the deceased employee. But the voucher accompanying and attached to the check shows "gross earnings" (the amount of the bonus) as $7,100.00. Also listed are Federal withholding, $1,562.00; State withholding, $284.00; F.I.C.A., $340.80; S.U.I., $17.75, and "accounts receivable" for advances and an open account, $268.90, making total deductions of $2,473.45. This explains why the check was for $4,625.00, the amount stated in the decree, rather than $7,100.00. Even though the check was referred to in the testimony as being in the amount of $7,100.00, the record shows that the check referred to in the evidence was also introduced and received in evidence (T. p. 46) as respondent's Exhibit No. 2, and the copy of the exhibit shows that the check is for $4,626.55.

At the hearing on the motion, the evidence was without conflict that no check was drawn for $7,100.00, and the only check drawn was for $4,626.55, which represented the bonus of $7,100.00 less required deductions.

The trial court held "that the check for $4626.55 to which the voucher showing deductions was attached is the original which was introduced in evidence, and it is accordingly ordered by the Court that the petition by complainant to perfect the record be and the same hereby is denied."

No reversible error has been presented.

Affirmed.

LIVINGSTON, C. J., and HARWOOD, MADDOX and McCALL, JJ., concur.