265 So.2d 853

**Robert DENNISON et al.**

v.

**William C. CLAIBORNE, Jr., also known as William C. Clairborne, Jr.**

**1 Div. 720.**

Supreme Court of Alabama.

Aug. 10, 1972.

Benjamin H. Kilborn, Mobile, for appellants.

**70**

James E. Moore, Mobile, for appellee.

BLOODWORTH, Justice.

This is an in rem proceeding brought to quiet title to a tract of land pursuant to Title 7, § 1116, Code of Alabama 1940, as amended. From a final decree of the circuit court of Mobile County, in equity, quieting the title in respondent, complainants appeal.

The bill of complaint was filed by Robert Dennison and his four sisters, Ada Dennison, Equilla Amy Dennison, Mary Dennison and Mable Dennison. The bill alleges: that complainants "are now in the actual, peaceable possession of said land and that they and those through whom they claim have been in the actual peaceable possession of said land for more than fifty years," and "have regularly assessed and paid taxes on said property for more than twenty years"; and, that "the only possible claimant to said parcel of land, or any part thereof, other than Complainants, is the Respondent William Claiborne, Jr." The bill prays that Claiborne and "any and all unknown persons claiming or reputed to claim any title to, interest in, lien or encumbrance on said property" be made respondents and that the trial court decree complainants to be "the owners in fee simple absolute of the land described."

Respondent Claiborne filed an answer and cross-bill denying that complainants are in actual peaceable possession and alleging "that it was not until approximately four (4) years ago that the Complainants took possession of said property forcibly placing a fence around the said lot to keep the Respondent from entering thereon"; that, until such time as respondent was ousted from peaceable possession in 1965, "he and his predecessors in title had been in peaceable possession of the property ever since 1902"; that "he and his predecessors in title have assessed and paid taxes on said property for more than twenty (20) years" and "he has also continued to * * *

pay the taxes thereon in spite of the claim" of the complainants. Respondent prayed that he be decreed to be the owner of the land in fee simple, and that the complainants be decreed to have no right, title or interest therein.

The trial court entered a final decree denying complainants the relief sought in their bill of complaint and granting respondent the relief prayed for in his cross-bill. The court held that "the Respondent William C. Claiborne, Jr., is the owner in fee simple absolute of that certain real property involved in this litigation * * and that the Complainants * * * have no interest or legal claim in said property whatsoever, and further that the title to said land be and hereby is vested and quieted in the Respondent * * * against the Complainants and all unknown claimants whomsoever * * *."

Complainants appeal from this decree.

The first question presented is whether the trial court erred in denying complainants the relief they prayed for because complainants had established no interest or legal claim to the property. If that holding does not constitute reversible error (which we have concluded to be the case) then, the next question is whether the court erred, under the pleadings and the evidence, in granting to respondent the relief for which he prayed. Our view is that the trial court did err in this ruling.

■ Complainants contend that the court should have quieted title in them because, they say, the evidence shows they have adversely possessed the property under color of title for the statutory period.

When one is claiming title to land by adverse possession, this court has said he has,

"* * * the burden of showing actual, clear, definite, positive, notorious, open, continuous, adverse and exclusive possession of a definite tract under a claim of right for the time prescribed by law, and such possession is required to be shown by clear and convincing evidence. Turnipseed v. Moseley, 248 Ala. 340, 27 So.2d 483, 170 A.L.R. 882; Walthall v. Yohn, 252 Ala. 262, 40 So.2d 705." Prestwood v. Hunt, 285 Ala. 525, 234 So.2d 545 (1970).

The testimony in this case was taken ore tenus before the trial judge. He saw and heard the witnesses as they testified. He observed their demeanor on the stand. He personally viewed the subject property.

It is almost platitudinous to restate our well established rule that,

"Where evidence is heard orally before the trial court, the finding of the court has the effect of a jury's verdict and will not be disturbed on appeal, unless plainly erroneous, whether in law or equity. And we must affirm the trial court's decree, if fairly supported by credible evidence under any reasonable aspect regardless of what might be our view of the evidence. Norton v. Norton, 280 Ala. 307, 193 So.2d 750; Great American Ins. Co. v. Railroad Furniture Salvage of Mobile, Inc., 276 Ala. 394, 162 So.2d 488; Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281." Patterson v. Brooks, 285 Ala. 349, 232 So.2d 598 (1970).

"* * * the findings and conclusions of fact made by a trial court, based on testimony taken ore tenus, are presumed to be correct, and such findings and conclusions carry with them the force of a jury verdict. Unless such findings and conclusions are plainly wrong or without supporting evidence, or are manifestly unjust * * * the final decree is due to be affirmed. Renfroe v. Weaver, 285 Ala. 1, 228 So.2d 764, and cases there cited.

"Moreover, as already noted, the trial court, with the consent of the parties, personally inspected the premises before making its findings of fact, and, hence, there is this additional reason why the decree here is reviewed as if it were a verdict of a jury. Miles v. Moore, 262 Ala. 441, 79 So.2d 432; McNeil v. Had-

den, 261 Ala. 691, 76 So.2d 160; Crawford v. Tucker, 258 Ala. 658, 64 So.2d 411." Pardue v. Citizens Bank & Trust Company, 287 Ala. 50, 61–62, 247 So.2d 368, 378 (1971).

We have carefully considered the evidence in the light of complainants' burden of proof and the presumptions which must be indulged in favor of the trial court's decree. There is substantial conflict in the evidence with regard to the various possessory acts claimed by complainants, and we cannot say that the findings and conclusions of fact made by the trial court are plainly wrong or without supporting evidence, or are manifestly unjust. The decree is fairly supported by credible evidence and, therefore, we must affirm regardless of what might be our view of the evidence.

We now come to the second question presented by this appeal: whether the trial court erred in quieting title in respondent on his cross-bill.

Complainants insist that they were in possession of the property at the time the bill was filed. They contend that, by the specific provisions of Title 7, § 1116, supra, title to the land may not be quieted in one out of possession when another party is in possession. We think complainants are correct in this contention.

Title 7, § 1116, provides, as follows:

"§ 1116. When bill may be filed.— When any person, natural or artificial, claims either in his own right or in any representative capacity whatsoever, to own any lands or any interest therein, and is in the actual, peaceable possession of the land, or if neither he nor any other person is in the actual possession of the lands, and he holds and has held color or title to the lands, or interest so claimed, for a period of ten or more consecutive years next preceding, and has paid taxes on the lands or interest during the whole of such period, or if he, together with those through whom he claims, have held color of title, and paid taxes on the land or interest so claimed during the whole of such period of time, or if he and those through whom he claims have paid taxes during the whole of such period of ten years on the lands or interest claimed, and no other person has paid taxes thereon during any part of said period, he may, if no suit is pending to test his title to, interest in, or his right to the possession of such lands, file a verified bill of complaint in the circuit court in equity of the county in which such lands lie, against said lands and any and all persons claiming or reputed to claim any title to, interest in, lien or encumbrance on said lands, or any part thereof, to establish the right or title to such lands, or interest, and to clear up all doubts or disputes concerning the same."

In Fitts v. Alexander, 277 Ala. 372, 375, 170 So.2d 808, 810 (1965), this court construed Title 7, § 1116 (per Lawson, J.), viz:

"Under the provisions of § 1116, Title 7, Code 1940, as amended, one who claims to own lands or any interest therein, if no suit is pending to test his title to, interest in, or his right to the possession of the lands, may file a verified bill of complaint in the circuit court, in equity, of the county in which such lands lie, against the lands and any and all persons claiming or reputed to claim any title to, interest in, lien or encumbrance on said lands, or any part thereof, to establish the right or title to such lands, or interest, and to clear up all doubts or disputes concerning the same, when either of the following situations is shown to exist:

"1. When the complainant is in the actual, peaceable possession of the lands.

"2. When neither the complainant nor any other person is in the actual possession of the lands and complainant has held color of title to the lands, or interest so claimed, for a period of ten or more consecutive years next preceding the filing of the bill, and has paid taxes on the lands or interest during the whole of such period.

"3. When neither the complainant nor any other person is in the actual possession of the lands and complainant, together with those through whom he claims, have held color of title and paid taxes on the lands or interest so claimed for a period of ten or more consecutive years next preceding the filing of the bill.

"4. When neither the complainant nor any other person is in the actual possession of the lands and complainant and those through whom he claims have paid taxes during the whole of such period of ten years on the lands or interest claimed, and no other person has paid taxes thereon during any part of said period.

"In Hart v. Allgood, 260 Ala. 560, 72 So.2d 91, we enumerated situations under which a proceeding in rem might be filed under the provisions of § 1116, Title 7, as amended, but we failed to mention situation 3 set out above. The opinion in the Hart case, supra, may also be subject to the interpretation that such a bill will lie under the situation numbered 3 in the Hart opinion where the complainant and those under whom he claims have paid taxes on the property during the ten-year period preceding the filing of the bill regardless of the fact that the respondents or some other person might be in actual possession of the land. We did not intend to so hold. *Such a bill will lie in only two fundamental situations, one of which is where the complainant is in the actual peaceable possession of the property, and the other is where no one is in the actual possession of the property.* See the article by Hon. Shuford B. Smyer of the Birmingham Bar published in 23 Alabama Lawyer at page 209." [Emphasis supplied]

Complainants contend that, at the time their bill was filed, they were (and still are) in possession of the land, and the evidence would clearly appear to support this contention.

The evidence is undisputed that complainants have erected a fence around the property. Complainants insist that a fence was first constructed more than twenty years ago, while respondent maintains that the present fence was built in 1965. Respondent does not dispute the fact that complainants had the property under fence at the time of the filing of the bill.

■ Other possessory acts aside, we think that erection and maintenance of the fence is sufficient, in itself, to constitute actual possession of the property by complainants.

It has been held that:

"* * * An inclosure of land by fences or substantial barriers, or a combination of both, constitute an actual possession of the premises without any other act being done indicating dominion. Such an inclosure is of itself a sufficient appropriation of the land to the visible and notorious use and control of the person making the inclosure, so as to constitute actual possession, and to protect such possession against the intrusion or interference of others. * * *" Knowles v. Crocker Estate Co., 149 Cal. 278, 86 P. 715, 717 (1906). See also, 36A C.J.S. Forcible Entry & Detainer § 11.

Likewise, this court has said that, "A fence enclosing land is an outstanding symbol of claim of possession." Graham v. Hawkins, 281 Ala. 288, 292, 202 So.2d 74, 77 (1967).

Also, there is some testimony to the effect (though it is disputed) that complainants were keeping the grass mowed and were maintaining a lawn on the property at the time the suit was filed.

Respondent does not appear to deny that complainants are in actual possession, but argues that title should be quieted in him despite complainants' actual possession. For a better understanding of respondent's contention, we quote the following from respondent's argument in brief:

"* * * In an In Personam action, the statute affirmative [sic] requires

peaceable possession of the lands. However, Sec. 1116 [in an in rem action] specifically sets up categories wherein not only one of the parties, but neither party need be in possession. Respondent here contends that he falls in that category set out in Sec. 1116 wherein he claims superior record title coupled with possession and payment of taxes. It would certainly appear that if the statute gives the right to maintain this action in the absence of possession by either party, then it should be available to a Respondent who, though he has constructive possession, has been brought in Court by on who has forcibly taken actual possesion to the exclusion of the Respondent."

▇ Respondent's contention that he falls in the third category of § 1116 is clearly without merit, since Fitts v. Alexander, supra, specifically holds that such category applies only where no one is in possession of the subject property. Nor, do we find any merit in respondent's contention regarding constructive possession in view of evidence to the effect that complainants were in actual possession of the property at the time the bill was filed. Title 7, § 1116 (unlike Title 7, § 1109, the in personam statute) contains no provision for quieting title to one in constructive possession. Title may be quieted in a party under § 1116, when that party is in actual possession or when no one is in possession. Fitts v. Alexander, supra.

Respondent cites no authority for the contention that, because of his alleged forcible ouster by complainant in 1965, title should be quieted in respondent on his cross-bill despite the fact that complainants are in actual possession. Nor, have we been able to discover any authority substantiating respondent's contention. (We may add that the evidence is in conflict as to whether respondent was ousted from possession.)

Moreover, the provisions of Title 7, § 1116, as amended, are clear and unambiguous, and there is nothing in the wording of the statute which would lend support to the contention that one, claiming to have been forcibly ousted, may have title quieted in his name even though another is in possession. The statute plainly limits in rem quiet title actions to situations where the one invoking the statute is in possession or where no one is in possession.

We conclude, therefore, that so much of the trial court's decree as undertakes to quiet title in the respondent-cross-complainant is erroneous and must be eliminated from the decree. It is unnecessary that we reverse and remand this case. As corrected, the decree will be affirmed without prejudice. See, Myers v. Moorer, 273 Ala. 18, 31, 134 So.2d 168 (1961).

Corrected and affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX, McCALL and SOMERVILLE, JJ., concur.

COLEMAN, J., dissents.

COLEMAN, Justice (dissenting):

The majority hold that, if complainant is in actual possession of the land, respondent cannot have a decree quieting title in himself, although the evidence shows that respondent has the better title.

In order to reach this result, the majority rely on Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808. In Fitts, this court affirmed a decree quieting title in complainant who had been in possession for more than twenty years. This court said:

"The evidence fully supports the finding of the trial court to the effect that complainant had been in the open, notorious, absolute, hostile and exclusive possession of all of the suit property, claiming to own the same in fee simple for more than twenty-eight consecutive years prior to the filing of the bill of complaint." (277 Ala. at 376, 170 So.2d at 811)

The majority rely on certain statements in *Fitts* undertaking to categorize certain situations in which the complainant " . . . may file a verified bill of complaint in the circuit court . . . ." to quiet title under § 1116, et seq., Title 7.[1]

Nothing is said in *Fitts* about when a respondent may have a decree in his favor in a suit brought under § 1116, Title 7.

The rights of the respondent are found in sections following § 1116. The statute clearly contemplates that respondents may file an answer. See Ex parte Arrington, 259 Ala. 243, 66 So.2d 96. In § 1122, it is provided that "The cause shall be at issue at the expiration of sixty days from the first publication . . . . provided that all respondents have answered or have suffered decrees pro confesso . . . ."[2]

The section which really sets out what may be in the decree, in so far as the statute provides, is § 1126. In § 1126, it is provided that:

"If, upon the hearing of the cause . . the title to the lands . . . . be duly proved, the court shall decree the title to such property . . . . to be in complainant or cross-complainant . . . .

and such decree shall be binding and conclusive on all parties made respondents in said cause."[3]

§ 1126 clearly states that if title "be duly proved" in cross-complainant, a decree is to be rendered declaring that title is in the cross-complainant, the respondent. Now, if the construction of the majority is adopted, the court can never decree title in the respondent when complainant is in possession. The statute does not so provide, but clearly contemplates that title shall be declared if the evidence prove the title in one party as against the other.

The construction of the majority is to the effect that a complainant in possession and entitled to file a bill under § 1116, may win, but he cannot lose. The respondent is called in to declare his title, but even if he successfully does so, the court cannot render a decree in his favor. § 1116 says that a person who claims to own any land, and is in "the actual, peaceable possession of the land . . . . ," or certain conditions exist " . . . . may . . . . file a verified bill of complaint . . . ." Nothing in the statute limits or forbids respondent's right to a decree when respondent has the better title, although complain-

1. "Under the provisions of § 1116, Title 7, Code 1940, as amended, one who claims to own lands or any interest therein, if no suit is pending to test his title to, interest in, or his right to the possession of the lands, may file a verified bill of complaint in the circuit court, in equity, of the county in which such lands lie, against the lands and any and all persons claiming or reputed to claim any title to, interest in, lien or encumbrance on said lands, or any part thereof, to establish the right or title to such lands, or interest, and to clear up all doubts or disputes concerning the same, when either of the following situations is shown to exist:" (277 Ala. at 375, 170 So.2d at 810)

2. "§ 1122. The cause shall be at issue at the expiration of sixty days from the first publication of the notice, as provided in section 1119, and from the filing of a certified copy of said notice in the probate court in the county where the lands, or a portion thereof, lie; provided that

all respondents have answered or have suffered decrees pro confesso to be taken against them and at least one day has elapsed since the rendition of said decrees pro confesso, and provided that any demurrers filed against the bill have been passed on and disposed of by the court, and the guardian ad litem, if any, has answered the bill of complaint."

3. "§ 1126. If, upon the hearing of the cause set out under section 1122, the title to the lands, or any part of the lands, described in the bill of complaint, or any interest claimed by complainant or cross-complainant in said property, or any part thereof, be duly proved, the court shall decree the title to such property, or the interest therein claimed in the bill of complaint to be in complainant or cross-complainant; or partly in one and partly in the other, specifying the part in or to which each has title or interest, and such decree shall be binding and conclusive on all parties made respondents in said cause."

ant is in possession and "may . . . . file" a bill of complaint.

§ 1126 does not suggest that the legislature intended that a respondent who has been brought into a court of complainant's choosing and compelled to defend his title, and has done so successfully, shall not recover a favorable decree but shall be compelled to start over in a statutory ejectment action, and subject to the possible necessity for recovering judgment in two such actions. See § 959, Title 7; Moore v. McLean, 248 Ala. 9, 26 So.2d 96.[4]

For these reasons I would affirm the decree quieting title in the respondent.

4. "Section 959, Title 7, Code, provides that two judgments for defendant in an action of ejectment are a bar to further action.—One judgment does not settle the matters in controversy,—Boyle v. Wallace, 81 Ala. 352, 8 So. 194; Bowden v. Turner, Ala.Sup., 247 Ala. 352, 24 So. 2d 429,—except when they are collaterally involved in some other sort of suit.— Carlisle v. Killebrew, 89 Ala. 329, 6 So. 756, 6 L.R.A. 617; Shumake v. Nelms' Adm'r, 25 Ala. 126. . . . . ." (248 Ala. at 11, 26 So.2d at 97)