This is an appeal from a final decree entered in a suit to quiet title, brought by the appellant, Doris Cobb, assignee of the State, purchaser at a tax sale. We reverse and remand.
The appellees, Frank E. and Margaret K. Brown, are the record owners and assessed the land for taxes in 1963. Taxes for the year 1963 fell delinquent, and the land was sold at public auction and bid in for the State in 1964. The certificate of sale was assigned to appellant on February 16, 1966, upon her payment of the amount bid by the State at the tax sale and interest, and the taxes accrued since the tax sale and interest, i.e., $20.78. Although the appellant has paid taxes on the land since 1966, the land remains assessed in appellees' names, but appellees have not paid any taxes on the land since 1963. *Page 1070 
In 1975 appellees discovered the land had been sold for taxes. In a letter dated November 26, 1975, appellees offered to pay appellant any money she had expended in acquiring the tax certificate plus costs, in order to clear appellees' title. Appellant then filed suit under Tit. 7, § 1116 (Code 1940), [§6-6-560, Code 1975] to quiet title to the land. Appellees counterclaimed to quiet title, seeking a temporary restraining order to halt the cutting of timber on the land, the right to redeem the property from a tax sale, $1,000 damages for the cutting of timber, and a declaration that appellant had no right, title, claim or interest in the land.
The parties stipulated that the only acts of possession are as follows. Appellant and her husband walked over the land on various occasions and say they did not see any "no trespassing" signs. Appellees also periodically walked over the land and claim to have posted signs on the property at different times.
Based upon the written stipulation of facts, the trial court denied the relief sought by appellant, declared appellees to be the owners of the land, and held that appellant had no right, title or interest therein.
Pretermitting all other considerations, there is one principal reason why neither appellant nor appellees are entitled to judgment. Neither had "actual possession" of the lands. It is stipulated, and appellees state in their answer, the possession was "scrambling" at best.
Title may be quieted in a party under Tit. 7, § 1116 [§6-6-560, Code 1975] only when that party is in actual, peaceable possession or when no one is in actual possession.Dennison v. Claiborne, 289 Ala. 69, 265 So.2d 853 (1972); Fittsv. Alexander, 277 Ala. 372, 170 So.2d 808 (1965). Neither situation exists here.
When one party does something (other than mere isolated acts not amounting to an interference with peaceable possession) which indicates that he himself claims to be in possession, the complainant's possession ceases to be peaceable and becomes "disputed" or "scrambling." Ford v. Washington, 288 Ala. 194,259 So.2d 226 (1972). That situation exists here. The stipulation that appellees walked over the property, posted signs, and halted the cutting of timber by others establishes acts of possession sufficient to cause appellant's possession to be "scrambling" rather than "peaceable." Likewise, appellant's walking over the land and having timber cut constituted acts of possession, making appellees' possession also "scrambling." While the appellant does not have actual, peaceable possession, both she and the appellees have some possession. There is enough evidence of possession by both parties to prevent either party's bringing suit under § 1116.Dennison v. Claiborne, supra.
We specifically pretermit consideration as to the issue of redemption. See § 40-10-83, Code 1975.
This cause is due to be reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.